## COURT OF APPEALS.

### January 20, 1920.

## THE PEOPLE EX REL. NEWTON v. JOHN B. TWOMBLY.

### (228 N. Y. 33.)

PRISON LAW—HABEAS CORPUS—WHEN PRISONER, SERVING A SENTENCE, COMMITTED ANOTHER CRIME WHILE OUT ON PAROLE FOR WHICH HE WAS CONVICTED, AND AFTERWARDS FOUND TO BE DELINQUENT, HE CANNOT BE RELEASED ON GROUND THAT SENTENCES ARE CONCURRENT—HE MUST SERVE BOTH TERMS CONSECUTIVELY—PRISON LAW, § 2190.

Relator, who had been convicted of burglary and given an indeterminate sentence with a maximum term, had been released on parole

and had violated it by committing another burglary for which he was convicted and sentenced under another name for a term of four years. After he had served ten days thereof in another prison, his identity was discovered, whereupon he was arrested for a breach of parole and declared delinquent. The law (Prison Law [Cons. Laws, ch. 43], § 217) required that he be imprisoned, unless sooner released on parole or discharged, for a period equal to his unexpired maximum term. *Held*, that he cannot be discharged under a writ of habeas corpus upon the ground that the sentences under the two convictions were to be served concurrently, and not consecutively, and that both had, therefore, expired, or by reason of the fact that he had served a short period of his second term before his identity was known (Penal Law, § 2190). The order releasing the prisoner should be reversed, the writ dismissed and the relator remanded to the custody of the warden of the prison.

People ex rel. Newton v. Twombly, 190 App. Div. 882, reversed.

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 19, 1919, which affirmed an order of Special Term sustaining a writ of habeas corpus and directing the discharge of the relator from custody.

The facts, so far as material, are stated in the opinion.

*Charles D. Newton, Attorney-General (Henry C. Henderson* of counsel), for appellant. The facts in the petition upon which the writ was allowed were not sufficient to warrant the release of the respondent from imprisonment. (Penal Law, § 2190; Haggerty v. People, 53 N. Y. 476; People v. Burns, 77 Hun, 92.) The respondent did not traverse the return to the writ of habeas corpus, consequently the facts therein stated stand admitted. A parole violator is a fugitive from justice. (Drinkall v. Spiegel, 68 Conn. 441; Dolan's Case, 101 Mass. 207; Ex parte Brunding, 47 Mo. 255.) No new process was needed to justify the return of the prisoner to state prison, nor his detention there until he had satisfied the judgments of conviction outstanding against him. (Haggerty v. People, 6 Lans. 322; Matter of Thaw, 167 App. Div. 104.) It appearing that the terms of imprisonment imposed by the judgments

of conviction herein, viz., nine years from September 20, 1912, had not expired, the writ of habeas corpus should have been dismissed. (Matter of Hope, 10 N. Y. Supp. 28; People v. Burns, 77 Hun, 92; Haggerty v. People, 143 N. Y. 665.)

No appearance for respondent.

CARDOZO, J. :

In September, 1912, the relator, then known as Frank Irwin, was convicted of burglary, and confined in Sing Sing Prison under an indeterminate sentence, of which the maximum was five years. From Sing Sing he was transferred to Great Meadow Prison, and then, in March, 1914, after serving about a year and a half of his term, was released upon parole. He was permitted to go outside of the " prison walls and inclosure " (Prison Law, sec. 214; Consol. Laws, chap. 43), but he remained while on parole " in the legal custody and under the control " of the warden of the prison (§ 214). It was a condition of the parole that if there was reasonable cause to believe that he had lapsed or was about to lapse into criminal ways or company, he might be retaken and confined (Prison Law, § 215). Hardly was the relator at large before he violated his parole, and committed burglary again. On May 29, 1914, under the name of Harvey A. Newton, he was convicted of the second offense, and sentenced to confinement in Sing Sing for the term of four years. He had been there about ten days when the discovery was made that Newton was Irwin. Thereupon, a warrant was issued that he be arrested for breach of his parole; and on June 19, 1914, the board declared him delinquent. After this declaration, the law required that he be " imprisoned in said prison for a period equal to the unexpired maximum term of sentence of such prisoner, at the time such delinquency is declared, unless sooner released on parole or absolutely discharged by the board of parole of state prisons " (Prison Law [Cons. Laws, ch. 43], § 217). In obedience to

this requirement, he was returned from Sing Sing to Great Meadow Prison, where he appeared before the board, and from Great Meadow he was transferred on August 1, 1914, to Dannemora (Prison Law, § 149), where he remained till released, in habeas corpus proceedings, in March, 1919.

The ground of his release was that the sentences under the two convictions were to be served concurrently, and not consecutively, and that both had, therefore, expired. The statute, as we read it, declares a different rule. Section 2190 of the Penal Law provides: " Where a person, under sentence for a felony, afterwards commits any other felony, and is thereof convicted and sentenced to another term of imprisonment, the latter term shall not begin until the expiration of all the terms of imprisonment, to which he is already sentenced." Under this statute, the declaration of delinquency, when followed by the return of the prisoner, postponed the execution of the second sentence until the execution of the first had been completed. It is not the mandate of the board of parole which suspends the one term, and renews the other. It is the mandate of the statute, establishing the order of succession in which sentences shall be served. The succession would not be doubtful if delinquency had been declared before imprisonment under the second judgment began. We think it is not changed because the relator had served from two to three weeks of his second term before his identity was known, and the declaration of delinquency announced. A prisoner who had escaped could not avoid the effect of section 2190 of the Penal Law and make his sentences concurrent by serving a few weeks of the later sentence before revealing his identity. A prisoner who has broken his parole is in the same plight for most purposes as one who has escaped (Drinkall v. Spiegel, 68 Conn. 441). " He that is in the stocks, or under lawful arrest, is said to be in prison, although he be not *infra parietes carceris;* and therefore this branch [the statute against prison breaking] extendeth as well to a prison in law, as to a prison in deed "

(Coke's Institutes, p. 589, quoted in Drinkall v. Spiegel, supra, p. 449). When the relator was declared delinquent, there were thenceforth two sentences of imprisonment in force. The law says that they must be served consecutively, and prescribed the choice between them. The relator was properly returned to Great Meadow to complete the term of his first sentence. His second term had not expired at the time of his discharge, and it has not expired yet.

The order should be reversed, the writ dismissed, and the relator remanded to the custody of the warden of the prison.

HISCOCK, Ch. J., CHASE, COLLIN, POUND, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.

## NOTE ON IMPRISONMENT ON TWO OR MORE CONVICTIONS.—PENAL LAW, § 2190.

Where an offender, after independent trials, is convicted of three offenses under section 2190 he may be sentenced for each offense, the second and third sentences to be served out after the expiration of the first. (Op. Attorney-General [1897], 137.)

It would seem that the conviction referred to is the conviction by a judgment based upon a verdict of guilty. (See People v. Fahan, 192 N. Y. 443, revg. 126 App. Div. 89.)

Although a person may have been sentenced to imprisonment for a longer period than allowed by the statute, he is not entitled to release on habeas corpus at the expiration of the legal term where, as a matter of fact, he has received a further sentence for a different crime the imprisonment therefor to begin at the expiration of the former sentence. The relator cannot raise the question as to the legal limit of his first sentence by habeas corpus until he has served the legal term and the succeeding sentence under his last conviction. (People v. Kidney, 183 App. Div. 451.)

Section 2190 has respect to separate convictions upon distinct trials and neither affirms nor disaffirms the practice of imposing cummulative penalties or sentences on a conviction of several offenses charged in separate counts in the same indictment. (People v. Liscomb, 60 N. Y. 559.)

But where burglary and larceny are charged in the same indictment pursuant to section 406, the defendant on being convicted of both charges