## Ex Parte Ralph Lawson.

No. 9051.   Delivered December 17, 1924.

'No motion for rehearing filed.

Habeas Corpus—Sentence—Cumulative—Concurrent Terms.

When passing sentence upon one who has already been convicted and sentenced for another offense, the sentences are concurrent, unless the order of the court is made and entered that they shall be cumulative.

Appeal from the District Court of Walker County. Tried below before the Hon. Carl T. Harper, Judge.

Appeal from an order of the District Judge refusing to discharge relator in a *habeas corpus* proceeding.

*Gates & Briggs,* for relator.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—This is an appeal from an order of the district judge refusing to discharge the relator in a *habeas corpus* proceeding.

We understand that on February 8, 1921, at El Paso, Texas, relator was convicted of an offense against the United States laws and condemned to imprisonment in the Federal prison for one year. While imprisoned under this judgment and in custody of the officers of the United States, he was, on the 26th day of February, 1921, brought before the district court of the State of Texas in El Paso, and there, upon a plea of guilty, he was convicted of an offense against the laws of this State and condemned to imprisonment in the State penitentiary for a period of five years. The sentence contains this language:

"It is the order of this court that the defendant * * * be delivered by the Sheriff of El Paso County, Texas, immediately to the Superintendent of the Penitentiaries of the State of Texas, or other person legally authorized to receive such convicts, and the said Ralph Lawson shall be confined in said penitentiaries for five years in accordance with the provisions of the law governing the penitentiaries of said State."

Relator was at once redelivered to the United States authorities and by them confined in prison for one year. Upon his release therefrom he was at large for about four months when he was captured by the State authorities and incarcerated in the State penitentiary. No deduction from his sentence could accrue for the time that he was at large, but if he be credited with the time that he was in the Fed-

eral prison, the time that he has been in the State penitentiary, and the deduction for good behavior, to which he is entitled upon the agreed facts, the five-year period for which he was sentenced has come to an end.

Relator insists that his further incarceration under the judgment of the District Court of El Paso, Texas, is unauthorized. In Article 882, C. C. P., it is declared that "the term shall commence from the time of the sentence, or in case of appeal, from the time of the affirmance of the sentence." In Art. 862, C. C. P., the power is conferred upon the district courts in which a conviction of imprisonment is entered to make it cumulative with a prior conviction by a declaration in the sentence; that is to say, to make the date of the beginning of the second conviction coincident with the ending of the first or previous conviction. It is by force of this statute that judgments of conviction can be made cumulative. Hannahan v. State, 7 Texas Crim. App., 664; Baker v. State, 11 Texas Crim. App., 262; Prince v. State, 44 Texas Rep., 480. In the application of this statute, it is not essential that the prior convictions be at the same term of court. Ex Parte Moseley, 30 Texas Crim. App., 338, nor in the same court, Miller v. State, 44 S. W. Rep., 162. The failure to embrace in the second or subsequent sentence the order making it cumulative with the prior conviction leaves the several convictions concurrent. In Ex Parte Davis, 71 Texas Crim. Rep., 538, it is said:

"So it is by virtue of this provision of the Code that courts in this State can order a cumulative term, and that one term of imprisonment shall begin at the expiration of another, and, in case the court does not so order in his final judgment, the terms run concurrently. Ex Parte Hunt, 28 Texas App., 361, 13 S. W. 145; Ex Parte Cox, 29 Texas App., 84, 14 S. W. 396."

On the present record, it is apparent that at the time the sentence was entered under which the relator is now held, he, with the knowledge of the learned judge who tried the case, was a prisoner of the United States Government, in custody of its officers, and condemned to serve in its penitentiary for a period of one year. It was obviously apparent that giving effect to this sentence, the relator's term of imprisonment in the State prison could not begin until he was released from the Federal penitentiary. Possessed of this knowledge, it would seem evident that it was within the discretion of the District Court of the State in which the relator was condemned, to declare in the judgment that the beginning of his service in the penitentiary of the State of Texas should be deferred until released by the Federal authorities. The failure to incorporate this in the judgment, under the circumstances, seems to us to imply an intent to leave the sentence in the State court concurrent with that in the Federal court. Except in cases of escape of the prisoner after conviction, we are aware of no instances in which it has been judicially

98 Tex. Crim.—35.

determined that he may be held in prison after the date on which his term of imprisonment would expire, counting its beginning from the date the judgment of conviction rendered became final. The language of the court in Sartin's case, 10 Texas Crim. App. 655, supports this view. It reads thus:

"The obvious construction of Art. 825 (now Art. 862) is simply this,—that when a party is condemned to the penitentiary for any term of months or years, he must be imprisoned in the penitentiary, but, after he has reached and been actually confined in said penitentiary, the term of his imprisonment may be estimated to begin from the date of sentence."

We have neither found nor been referred to any precedent to the contrary. The other decisions to which our attention has been drawn, in so far as' they throw light upon the subject, seem to favor rather than oppose relator's position. See Ex parte Davis, 71 Texas Crim. Rep. 538, supra. While the question is not free from difficulty, it is believed that the statutes and decisions to which reference has been made should lead to the conclusion that on the peculiar facts re-. vealed by the record, the relator should have been discharged, and in accord with this conclusion, the judgment denying his release is reversed. It is therefore ordered that the relator be released from custody.

*Reversed and relator released.*