STATE EX REL. HERMAN KEYES v. CHARLES E. VASALY.[1]

April 26, 1929.

No. 27,338.

G. A. *Youngquist,* Attorney General, and *William H. Gurnee,* Assistant Attorney General, for appellant (respondent below).

*Iver C. Nelson,* for respondent (relator below).

[1]Reported in 225 N. W. 154.

TAYLOR, C.

The relator procured a writ of habeas corpus from the district court of Stearns county directed to the superintendent of the state reformatory at St. Cloud alleging that he was unlawfully imprisoned therein. The district court ordered that he be released forthwith. The superintendent appealed to this court. The facts are admitted.

On August 12, 1926, the relator was convicted of a felony by the district court of Hennepin county, Judge Baldwin presiding; and on the same date was sentenced by Judge Baldwin to serve an indeterminate term in the state reformatory at St. Cloud, and at the same time an order was made staying execution of the sentence until August 12, 1927, and placing him in charge of the probation officer. Thereafter he committed another similar felony, and on September 30, 1926, was convicted thereof by the district court of Hennepin county, Judge Montgomery presiding, and on the same date was sentenced by Judge Montgomery to serve an indeterminate sentence in the state reformatory at St. Cloud. Under a commitment issued on this sentence he was received into the state reformatory on October 1, 1926.

The probation officer learned of the commission of the second crime and reported it to Judge Baldwin, who on September 30, 1926, revoked the stay of execution of the sentence which he had imposed and ordered that a commitment issue forthwith, and also entered on the report of the probation officer a statement that this sentence was to be served concurrently with the sentence imposed by Judge Montgomery. Pursuant to the order of Judge Baldwin, a commitment issued October 2, 1926, and was received at the state reformatory October 6, 1926, five days after the relator had begun serving the sentence imposed by Judge Montgomery. Each sentence was for an indeterminate term for a crime for which the statute prescribed a maximum term of seven years.

On February 10, 1928, the board of parole discharged the relator from the sentence imposed by Judge Montgomery and directed that he begin serving the sentence imposed by Judge Baldwin. In October, 1928, the relator procured this writ of habeas corpus, asserting

that the action of the board of parole in discharging him from the sentence imposed by Judge Montgomery also operated as a discharge from the sentence imposed by Judge Baldwin. 'The district court sustained this contention, apparently on the theory that Judge Baldwin by directing that the sentence which he had imposed be served concurrently with that imposed by Judge Montgomery made the period served under the sentence imposed by Judge Montgomery the maximum term of the sentence imposed by himself. The record contains nothing indicating any such intention on the part of Judge Baldwin.

Our attention has not been called to any authority, and we know of none, holding that if a sentence is directed to be served concurrently with another it will terminate when such other terminates. On the contrary it is the universal rule in such cases that the defendant must serve until all the sentences have terminated, and that the service of a sentence does not begin until he is actually in the custody of the prison officials under that particular sentence. In other words the length of the period of confinement under one sentence is in no way dependent upon or affected by the period of confinement under a sentence for another distinct crime.

Zerbst v. Lyman (C. C. A.) 255 F. 609, 5 A. L. R. 377, illustrates the general rule in part. Lyman was sentenced to serve a term of 15 months by the federal court in California. While this case was pending on appeal he was sentenced to serve another term by the federal court in New York and was committed to the federal prison at Atlanta. The California sentence was affirmed, and thereafter a commitment was issued thereon and sent to the warden of the Atlanta prison. It was held that the two terms ran concurrently from the time this commitment was received by the warden and that Lyman was entitled to be discharged 15 months from that date, the New York sentence having previously expired.

G. S. 1923 (2 Mason, 1927) § 9932, provides:

"Whenever a person shall be convicted of two or more offenses before sentence has been pronounced for either, the imprisonment to which he is sentenced upon the second or other subsequent convic-

tion shall commence at the termination of the first or other prior term or terms of imprisonment to which he is sentenced; and whenever a person while under sentence for felony, commits another felony, and is sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms."

This statute abrogates the common law rule that where two or more sentences of imprisonment are imposed upon the same person they are to be served concurrently unless the court expressly directs that they be served consecutively; and commands that such sentences shall be served consecutively in the cases stated. People ex rel. Newton v. Twombly, 228 N. Y. 33, 126 N. E. 255; Sullivan v. Clark, 156 Ga. 706, 119 S. E. 913. A direction that two sentences be served concurrently is in plain contravention of the statute, but whether a defendant may claim the benefit of such a direction if made is not involved nor determined in this proceeding.

In People ex rel. Newton v. Twombly, 228 N. Y. 33, 126 N. E. 255, the relator, under the name of Irwin, was sentenced to serve an indeterminate term of which the maximum was five years and was confined in the prison at Great Meadow. After serving about 18 months he was paroled. Thereafter he committed another crime and, under the name of Newton, was sentenced to serve a term of four years in the prison at Sing Sing. A week or two after he was received at the prison it was discovered that he was the same person who had been sentenced for the prior crime under the name of Irwin. Thereupon he was declared delinquent for having broken his parole and was returned to Great Meadow to serve the unexpired maximum term of the first sentence. At the expiration of such maximum term he procured a writ of habeas corpus and was discharged by the lower court on the ground that the two sentences were to be served concurrently and that both had therefore expired. The New York statute [Penal Law (Consol. Laws, c. 40), § 2190] provides:

"Where a person, under sentence for a felony, afterwards commits any other felony, and is thereof convicted and sentenced to another term of imprisonment, the latter term shall not begin until

the expiration of all the terms of imprisonment, to which he is already sentenced."

The court of appeals [228 N. Y. 35] said that this statute "postponed the execution of the second sentence until the execution of the first had been completed. It is not the mandate of the board of parole which suspends the one term, and renews the other. It is the mandate of the statute, establishing the order of succession in which sentences shall be served. * * * We think it was not changed because the relator had served from two to three weeks of his second term before his identity was known, and the declaration of delinquency announced. * * * When the relator was declared delinquent, there were thenceforth two sentences of imprisonment in force. The law says they must be served consecutively, and prescribes the choice between them."

The order of the lower court was reversed, the writ dismissed, and the relator remanded to the custody of the warden.

In the instant case, the relator has been released and discharged from the second sentence—that imposed by Judge Montgomery; but the first sentence—that imposed by Judge Baldwin—still remains in full force and effect.

The order is reversed, the writ discharged, and the relator is remanded to the custody of the superintendent of the state reformatory.