■ LENA B. SMITH et al., Appellants, v. DAVID GOLDMAN, Respondent.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, arising out of a collision between two motor vehicles, the appeal is from a judgment, entered after trial by a jury, dismissing both causes of action. Judgment reversed, and a new trial granted, with costs to appellants to abide the event. The findings of fact have not been considered. Appellant Lena B. Smith, hereinafter referred to as appellant, was driving a motor vehicle owned by appellant Harry Smith, her husband, on Mechanicstown Crystal Run Road, where it is intersected by the Route 17 by-pass in Middletown, New York. The by-pass had not been officially opened to traffic at that time but was opened two weeks later. The by-pass has two lanes running north and two lanes running south. Each lane is 12 feet wide. A grass mall 45 feet wide separates the northbound from the southbound lanes. Appellant was traveling in an easterly direction. She crossed the two southbound lanes, the grass mall and, seeing no traffic, crossed the two northbound lanes. When she was leaving the last northbound lane, her vehicle, with its front part off the concrete and its rear wheels still on the concrete, was struck by respondent's

vehicle, which was going north. On cross-examination respondent testified that, upon entering the by-pass about a mile south of the intersection, he saw no signs or obstructions indicating that the road was closed to traffic. The court did not permit cross-examination of respondent as to whether he had admitted to a police officer and to a justice of the peace, in response to a summons for using the closed by-pass, that he had seen such signs. The court held that the question as to whether respondent made the admissions was immaterial. The court then charged, as a matter of law, that the by-pass was a public highway, that it was used by appellant and others on previous occasions even though it was not officially opened, and that the right of way at the intersection was governed by subdivision 4 of section 82 of the Vehicle and Traffic Law, which requires a driver approaching such an intersection to grant the right of way to any vehicle approaching from his right. In our opinion, it was error to deny appellants the right to cross-examine respondent as to his prior inconsistent statements. Whether the by-pass was a closed highway was material to the issue, as the right of way on the by-pass at the intersection depended upon whether the by-pass was open or closed. It was also error to charge that the by-pass was a public highway and that the above-mentioned rule governed the intersection. The test of whether a highway is a public highway is whether the public has " a general right of passage " (*People* v. *County of Westchester,* 282 N. Y. 224, 228). Since the public did not have a "general right of passage", the cited rule did not govern the intersection. Nolan, P. J., Wenzel, Beldock and Kleinfeld, JJ., concur; Murphy, J., deceased.