## STATE v. JOHN BRUCE MORRISSEY.

135 N. W. (2d) 57.

April 30, 1965—No. 39,551.

*John Bruce Morrissey,* pro se, for appellant.

*Robert W. Mattson,* Attorney General, *George M. Scott,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent.

NELSON, JUSTICE.

Appeal from an order denying defendant's motion to amend a sentence. This appeal is concerned with whether or not the terms of imprisonment imposed by two sentences by the same district court are to be served consecutively rather than concurrently.

Defendant was convicted of the felony of burglary in the third degree under Minn. St. 1957, § 621.10, for which he was sentenced on June 4, 1959, to a term of imprisonment not to exceed 5 years. After serving a portion of that term, he was paroled by proper authority, but while on parole he committed another felony, being charged with and convicted of possession of narcotics in violation of Minn. St. 618.01, 618.02, and 618.21. After pleading guilty to one prior conviction, he was sentenced on March 28, 1962, to a term of imprisonment not to exceed 20 years. The trial court did not specify at the time of the imposition of the sentence on the narcotics charge whether it was to run concurrently with the previous sentence or consecutively thereto.

Defendant contends that the sentences should run concurrently rather than consecutively. A consecutive sentence is one which commences at the termination of another term of imprisonment, the prisoner serving only one sentence at a time, while in the case of concurrent sentences he simultaneously serves part of each sentence and is entitled to discharge when he completes the term of the longest sentence. 24B C. J. S., Criminal Law, § 1996(1). In support of his contention defendant relies upon the common-law rule that when two or more sentences are imposed upon the same person they are to be served concurrently unless the court in sentencing expressly directs that they shall be served consecutively and thereby commands that the term under the last sentence imposed shall not begin to run until expiration of all prior terms. See, State ex rel. Keyes v. Vasaly, 177 Minn. 338, 225 N. W. 154; Annotation, 70 A. L. R. 1511.

Defendant's contention is without merit since the common-law rule has been abrogated by statute in this state. The statute in effect when defendant was sentenced on March 28, 1962, was Minn. St. 1961, § 610.33, which provided:

"* * * [W]hen a person while under sentence for felony commits another felony, and is sentenced to another term of imprisonment such latter term shall not begin until the expiration of all prior terms."

See, State ex rel. Keyes v. Vasaly, *supra.*

Defendant has cited Puccinelli v. United States (9 Cir.) 5 F. (2d) 6; United States v. Patterson (C. C. D. N. J.) 29 F. 775; Daugherty v. United States (8 Cir.) 2 F. (2d) 691; and Howard v. United States (6 Cir.) 75 F. 986, all of which involve the common-law rule. They are not in point because of § 610.33.

Section 610.33 was repealed by L. 1963, c. 753, art. II, § 17. Minn. St. 609.15 (L. 1963, c. 753, § 609.15) now provides that if a person who is under sentence of imprisonment is being sentenced to imprisonment for another crime committed prior to or while he is subject to the first sentence, the court in the later sentence shall specify whether the sentences shall run concurrently or consecutively. If the court does not so specify, then the sentences run concurrently.

Chapter 753 became effective on September 1, 1963. Defendant, having been sentenced prior to that date, is bound by the provisions of Minn. St. 1961, § 610.33, unless the provisions of c. 753 can be applied retroactively. Retroactive application of a statute, however, is forbidden by Minn. St. 645.21 unless the legislature provides to the contrary. Section 645.21 provides:

"No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."

Chapter 753 neither states nor implies that it is to be applied retroactively. It is therefore clear that the sentences involved on this appeal are controlled by Minn. St. 1961, § 610.33, and that the term of imprisonment to be served under the sentence imposed on March 28, 1962, will not begin to run until the term under the sentence of June 4, 1959, has expired.

Defendant also contends that a mittimus should have issued and that such an order must state the sequence of the sentences which are to be served. "Mittimus" is defined as a warrant of commitment to prison in 22 C. J. S., Criminal Law, § 349. It has also been defined as follows:

126

"* * * The name of a precept in writing, issuing from a court or magistrate, directed to the sheriff or other officer, commanding him to convey to the prison the person named therein, and to the jailer, commanding him to receive and safely keep such person until he shall be delivered by due course of law. * * * Transcript of minutes of conviction and sentence duly certified by court clerk." Black, Law Dictionary (4 ed.) p. 1153.

The rule in this state, in effect since territorial days, has been that persons convicted of crime punishable by imprisonment be committed to prison in accordance with statutory procedures. See Minn. St. 631.40 and 631.41, presently governing such commitments. Under these statutes a transcript from the minutes of the court of a conviction and sentence must be prepared by the clerk of court and delivered to the sheriff or his deputy, whereupon the sheriff is authorized to execute such sentence in accordance with the transcript. The fact that the transcript in the instant case did not specifically spell out the fact that the sentence on the narcotics conviction imposed March 28, 1962, did not begin to run until the expiration of the sentence for burglary imposed June 4, 1959, is not material since the statute then in effect, Minn. St. 1961, § 610.33, unequivocally stated that when a person, while under sentence for a felony, commits another felony and is sentenced to another term of imprisonment, such latter term shall not begin to run until the expiration of the prior term. Thus, § 610.33 eliminated the necessity of specifying in the judgment and the transcript delivered to the sheriff how the sentences were to run.

Affirmed.