**Jack SHIELDS, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 65-H-352.**

United States District Court
S. D. Texas,
Houston Division.

May 4, 1966.

Bernard A. Golding, Houston, Tex., for petitioner.

Waggoner Carr, Atty. Gen. of Texas, and Gilbert J. Pena, Asst. Atty. Gen. of Texas, Austin, Tex., for respondent.

INGRAHAM, District Judge.

The petitioner, Jack Shields, filed his petition for the writ of habeas corpus on June 21, 1965. At an oral hearing held on January 31, 1966, petitioner and respondent represented to the court that no material facts were in question and that all merits of the petition could be resolved on the basis of briefs. Both parties have now filed briefs and the case is in proper posture for final adjudication. All state remedies have been exhausted.

Petitioner's prayer for relief is based on the following facts, all of which are taken as true for purposes of this determination. Petitioner was convicted in the 31st Judicial District Court of Gray County, Texas, in two separate cases of felony robbery, one on May 18, 1933, the other on May 19, 1933. Petitioner was sentenced to ten years in each case, the latter to run consecutive to the former. On November 28, 1933, petitioner was convicted in the District Court of Wheeler County, Texas, of felony robbery and assessed an additional twenty years, consecutive to the first two convictions, bringing the total to forty years.

On December 5, 1934, Texas Governor Miriam A. Ferguson granted petitioner a sixty day "furlough" from custody to aid his needy mother. Texas prison officials notified Louisiana authorities of the furlough, for prior to these Texas convictions, petitioner had escaped from a Louisiana penal institution. Petitioner signed a waiver of extradition and was turned over to the Louisiana officials instead of being set free for sixty days. Petitioner commenced to serve in a Louisiana penitentiary until he was released on parole on June 2, 1944. His parole supervision was removed on April 7, 1948.

Because Texas did not place a detainer on petitioner, he remained at large until he was convicted of a felony on May 12, 1960, in the United States District Court for the Western District of Tennessee and sentenced to five years. When he was paroled from federal custody on May 12, 1962, he was transported to Jasper County, Texas, and convicted of passing as true a forged instrument. Petitioner was committed to the Texas Department of Corrections to serve a two year sentence from the Jasper County conviction *and to serve all the time on his Gray and Wheeler Counties convictions not served as of December 5, 1934, the date of his "furlough" when he was sent to Louisiana.*

Petitioner makes four claims from these facts which he asserts entitle him to release from custody:

(1) When petitioner signed the waiver of extradition, he was persuaded to do so by Texas and Louisiana prison authorities without being advised of his constitutional rights or the benefit of legal counsel.

(2) Petitioner should be given credit on his Texas sentences for the nine years, five months, and twenty-four days he served in Louisiana.

(3) The State of Texas waived its right to recommit petitioner when it turned him over to Louisiana officials.

(4) All the facts taken together reveal such "vitiating unfairness" that petitioner has been denied due process of law.

\* \* \*

■ Whether petitioner had a right to counsel before he signed a waiver of extradition is a moot point. His extradition to Louisiana in 1934 has nothing to do with his present custody in Texas. 28 U.S.C.A. Section 2241 makes the writ of habeas corpus available "to a prisoner \* \* \* in custody in violation of the Constitution \* \* \* of the United States." Petitioner's complaints regarding his extradition would be relevant only to his detention in Louisiana, which ended some twenty years ago. It is difficult to see how an unconstitutional extradition in 1934 would render petitioner's present custody unconstitutional; counsel for petitioner suggests no theory.

■ Even if there is a connection, however, this court perceives no constitutional deprivation in the extradition. The three cases cited by counsel for petitioner say quite a lot about the Sixth Amendment right to counsel, but abso-

lutely nothing indicating that it extends to extradition matters. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), United States ex rel. Durocher v. LaVallee, 330 F.2d 303 (2 CA 1964), and United States ex rel. Craig v. Myers, 329 F.2d 856 (3 CA 1964).

■ Petitioner's contention that he should be given credit for the time he served in Louisiana similarly raises a moot point. Petitioner has received sentences in Texas totalling forty-two years. He has served less than six years in Texas prisons, leaving a balance of thirty-six years. There is no contention made that giving petitioner credit for nine years spent in Louisiana custody would satisfy the thirty-six year term he still owes in Texas. Even if petitioner were given credit for the nine years, he would still be in custody pursuant to the unaffected portion of his sentences, approximately twenty-seven years (forty-two years less six served less nine credit). So long as a nine year credit would not affect the legality of petitioner's present custody, petitioner's claim for the credit is not properly before this court on habeas corpus.

■■ This court nonetheless states its opinion that the refusal of Texas to give petitioner credit for the nine years he spent in Louisiana custody presents no denial of petitioner's federal constitutional rights. Perhaps under the Texas case of Ex parte Lawson, 98 Tex.Cr.R. 544, 266 S.W. 1101 (1924), petitioner is entitled to the credit. If so, it is only a matter of Texas law. Petitioner's counsel nowhere suggests that such a result is required by the federal Constitution. Matters of state law which do not amount to a deprivation of federal constitutional rights cannot be raised on federal habeas corpus. Gryger v. Burke, 334 U.S. 728, 731, 68 S.Ct. 1256, 92 L.Ed. 1683 (1947).

■ Petitioner's third complaint is that the State of Texas waived its right to recommit petitioner when it turned him over to Louisiana officials. Again, only a question of state law is presented.

Although the brief for petitioner cites eight cases from other states in some way dealing with waiver, it admits that "investigation reveals no case or cases in point". Even if counsel for petitioner were to produce a Texas case squarely in point, it would remain to link the requirements of such a state case with the requirements of the federal Constitution. Petitioner's claim fails on both scores. The Texas Court of Criminal Appeals considered petitioner's claim of waiver and concluded that the action of the state neither pardoned petitioner nor waived Texas' claim to recommit him. Ex parte Shields, 371 S.W.2d 395 (Tex.C. of C.A. 1963). This decision is contrary to neither Texas law nor the federal Constitution.

■■ Petitioner's last claim is that all the facts taken together reveal such "vitiating unfairness" that petitioner has been denied due process of law. The brief for petitioner argues that:

"The appropriate object of inquiry here is not alone whether this or that particular point in the procedural history of this case is the constitutional vice. Rather, we submit, it is, on portrayal of this history in whole purport, whether the final chronicle that emerges is one of vitiating unfairness of its parts."

The attempt to minimize "this or that particular point" is understandable, for there is simply no single constitutional deprivation in the record. Inquiry into a "portrayal of this history in whole purport" quickly leads to a reduction of due process of law into a host of platitudes and abstractions. Suffice it to say that this court finds no "vitiating unfairness", whatever that may be, or any other kind of unfairness in the record.

Petitioner was returned to Louisiana where he had escaped from custody. When petitioner left Louisiana custody nine years later, Texas had placed no detainer on him and he walked the streets a free man. Is this court to find unfairness in this? It is almost certain that had petitioner refrained from further

criminal activity, he would be a free man today, despite over thirty-eight years of unserved sentences in Texas. Instead, petitioner received felony convictions in a federal court and a Texas court. Because of petitioner's persistent criminal activity, he now finds himself paying old debts which might otherwise have been forgotten. Petitioner claims that he has somehow been treated "unfairly". This court cannot agree. Further, merely evoking sympathetic reactions from this court would not establish a constitutional deprivation necessary to the issuance of the writ. This court has no clemency authority involving state prisoners. The Governor is his man.

Perhaps latent in this petition is the claim that the delay in execution of petitioner's sentence constituted a denial of due process. Such a delay does not violate the Constitution. United States v. Vann, 207 F.Supp. 108 (E.D.N.Y. 1962).

The petition for the writ of habeas corpus is denied. This is a final judgment. The clerk will notify counsel.