## STATE EX REL. DONOVAN L. LILLEMOE v. RALPH H. TAHASH.

159 N. W. (2d) 99.

April 26, 1968—No. 40,821.

*C. Paul Jones,* State Public Defender, *Richard J. Wolf,* and *Rosalie Wahl,* for appellant.

*Douglas M. Head,* Attorney General, and *David J. Byron,* Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

A writ of habeas corpus issued on defendant's petition was discharged after a hearing, and he appeals.

The question presented is whether the term of defendant's imprisonment under two separate 5-year sentences has expired. We hold that it has not expired and affirm the decision of the habeas court.

On September 1, 1961, the court sentenced defendant to a maximum 5-year term of imprisonment upon his conviction after a plea of guilty to the crime of receiving stolen property. Execution of this sentence was stayed, and during such time defendant was placed on probation. On June 19, 1962, the stay was vacated following the filing of an information charging defendant with the crime of assault in the first degree. On June 28, 1962, defendant was convicted on his plea of guilty of the assault charge and two prior felony convictions. A limited sentence of not to exceed 5 years was imposed, the execution of which was stayed by the following order:

"It is further ordered that execution of this sentence shall be stayed until such time as you may be released from the place of your incarceration with respect to the charge of receiving stolen property with which your probation has been revoked. Upon your release from that place of incarceration you will report back to this Court for further disposition."

Defendant's term of imprisonment under the sentence for receiving stolen property commenced on June 28, 1962, when he was received at the prison. He remained in prison until March 30, 1965, when he was released on parole. While he was serving the remaining term of his first sentence on parole, defendant reappeared before the sentencing court as required by the terms of the stay on the second sentence. After several hearings, the stay of execution of his sentence for the assault offense,

entered on June 28, 1962, was continued and he was placed on probation concurrently with his parole from prison on the stolen-property offense. His probation was revoked on December 31, 1965, and his parole on January 12, 1966, for violating an ordinance prohibiting illegal possession of firearms. In vacating the stay on the assault sentence, the court made the following order:

"It is ordered that the probation heretofore granted to you be vacated and set aside.

"It is further ordered that sentence heretofore imposed upon you be executed forthwith.

"It is further ordered that in the event that your parole is vacated with respect to another charge, that this sentence, or it is recommended that this sentence and any other sentence that may be executed be served by you concurrently."

The prison record shows that when defendant was returned to prison for violation of his parole, a warrant of commitment under the 5-year sentence for assault accompanied him and that sentence was added as a consecutive sentence and the two sentences treated as a 10-year term commencing on June 28, 1962, the date of his original commitment. This term, less 118 days credited for jail confinement and time granted for good behavior computed for the full term, is scheduled to expire on March 6, 1969, if there is no loss of such "good time."

Defendant argues that the term of his "sentence" on the assault conviction began to run when it was imposed on June 28, 1962, and the court so intended when it was "ordered" or "recommended" that "this sentence * * * be served" concurrently with the prior term. Thus, he claims that he is entitled to be released from custody because both sentences have now expired.

■■■ The error of defendant's contention is that the term of imprisonment of a sentence where execution is postponed does not begin to run when it is imposed. It commences only after execution is ordered and a defendant is committed to imprisonment under the sentence. 21 Am. Jur. (2d) Criminal Law, § 573.[1] It is at this time, when a

---

[1] See, State ex rel. Keyes v. Vasaly, 177 Minn. 338, 225 N. W. 154.

defendant passes from the control of the court into the control of the executive either while in prison or on parole, that the passage of time is credited against the term imposed together with his statutory right to diminish the term specified by time granted for good behavior.[2] Where, as expressly authorized by statute,[3] execution of the sentence imposed or pronounced is stayed, with or without conditions, imprisonment for the term specified is suspended and a defendant remains under the authority and control of the court. Except for the statutory limitation on the period a stay may continue,[4] a defendant receives no credit by which the term of his imprisonment is diminished by either the passage of time or good behavior. State ex rel. Ahern v. Young, 273 Minn. 240, 141 N. W. (2d) 15.

Thus it is clear that the 5-year term of defendant's imprisonment for the assault conviction, as distinguished from the term of his suspended sentence, did not begin to run until he was committed to and entered prison under that sentence.

■ Since the expiration of a term of imprisonment for two separate offenses is affected by whether the terms specified are to be served consecutively or concurrently, this appeal also raises the question of whether the sentencing court had the power at the time the stay of execution was vacated to order the term of the assault sentence to be served concurrently with the term remaining to be served under the stolen-property

---

[2] Minn. St. 243.18 provides that, commencing with the day of arrival at the prison, a prisoner is entitled to credit for good behavior at the rate of 5 days a month during the first year and increasing to 7 days a month after 1 year, 9 days a month after 2 years, and 10 days a month after 3 years for the remainder of the term. Thus, assuming that all such credits are retained during imprisonment and on parole, a 5-year term expires in 3 years 7 months and 18 days, and a 10-year term expires in 6 years 11 months and 18 days. Under this statutory scheme, a 10-year term expires before two 5-year consecutive terms.

[3] Minn. St. 1961, § 610.38; State v. Mertz, 269 Minn. 312, 130 N. W. (2d) 631.

[4] Minn. St. 1961, § 610.38, now superseded by Minn. St. 609.135, limits the period of probation in a felony case to the maximum term specified in the sentence.

sentence. Assuming such was intended, we hold that the court had no such power as its effect would be a modification of the term of the sentence imposed, which is contrary to the settled rule that a court cannot change or modify a sentence imposed at a previous term of court. State v. Carlson, 178 Minn. 626, 228 N. W. 173.

A consecutive term does not begin to run until the expiration of the term of the prior sentence, as each sentence must be served separately. Under a concurrent sentence, all or part of each term is served simultaneously and a prisoner is entitled to discharge at the expiration of the longer term specified. State v. Morrissey, 271 Minn. 123, 135 N. W. (2d) 57. In 1962, when the second sentence was imposed, our statute provided that the second term "shall not begin to run until the expiration of all prior terms." [5] The court did not state a contrary intention. Thus, by operation of law, the sentence imposed for the assault conviction was a consecutive sentence. At the time the stay was vacated, the effect of an order that the sentence be served concurrently would have been to reduce the 5-year term of the sentence as previously imposed by advancing the date on which the term would begin to run. Although in this case such reduction of the term of defendant's second sentence would have been a matter of only about 2½ months, a much greater modification could result under varying fact situations. For instance, had defendant's imprisonment under the first sentence commenced in 1964 rather than in 1962, the reduction of the term of the second sentence upon commitment in December 1965 would be substantially greater. Conversely, if the court's power to specify how separate sentences shall run is permitted to be exercised at the time a stay of execution is vacated, a modification increasing the second sentence could be effected by ordering it to be served consecutively even though by operation of law under our present Criminal Code such sentence, when imposed, was to have been served concurrently. Such an indirect method of modifying a second sentence is no different in its effect than if the term specified at

---

[5] Minn. St. 1961, § 610.33. Section 609.15 of the Criminal Code of 1963 now provides that unless otherwise ordered the term of the sentence imposed shall run concurrently with any prior sentences.

imposition were expressly reduced or enlarged at the time probation was revoked and execution ordered.

While some jurisdictions have statutes authorizing a lesser sentence upon vacation of a stay of execution,[6] no such authority exists in this state, and therefore the language of the order vacating the stay and committing defendant to prison can only be considered as a recommendation—which was more likely the court's intention. It may be noted that the prison authorities entered defendant as serving a 10-year term rather than two 5-year terms and that such treatment inured to defendant's benefit because of the greater credit granted for good behavior commencing with the fourth year of defendant's imprisonment and parole.[7] Under the circumstances peculiar to this defendant's case, the term of his second sentence, even if entered as a partially concurrent term, would expire some days later than now scheduled on March 6, 1969, because of the short period remaining on the first sentence and the lesser credits granted for good behavior under a 5-year term.

Affirmed.

---

[6] 18 USCA, § 3653.

[7] Administratively construing defendant's sentences as a continuous 10-year term is apparently a continuation of the policy contained in Minn. St. 1961, § 243.01, which, so far as we have been able to determine, is not now expressly contained in any provision of the Criminal Code of 1963.