# STATE v. DONALD N. PETERSEN.

235 N. W. 2d 801.

October 10, 1975—No. 44299.

*C. Paul Jones,* State Public Defender, and *Mollie G. Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, and *Gilbert S. Buffington,* Special Assistant Attorney General, for respondents.

Heard before Otis, Rogosheske, Kelly, and Yetka, JJ., and considered and decided by the court en banc.

KELLY, JUSTICE.

This is an appeal from the denial of a motion to correct or vacate a sentence. We also review the propriety of an order discharging a writ of habeas corpus. This issue presented is whether a state sentence following a burglary conviction, imposed after appellant had pleaded guilty to a separate Federal crime but before the Federal sentence was imposed, should run concurrently with or consecutively to the Federal sentence. The district court held that the failure of the state trial judge to specify that the

state sentence should run concurrently with the Federal sentence required a conclusion that the state sentence should be served consecutively to the Federal sentence. We affirm.

Appellant was arrested by the state of Minnesota on May 18, 1969, and arraigned on a burglary charge on August 14, 1969. On August 23, 1969 he escaped from the Washington County jail and was arrested 4 months later by Federal authorities and charged with a bank robbery committed on December 17, 1969. On January 21, 1970, appellant entered a plea of guilty in Washington County District Court to the state charge of burglary. On April 17, 1970, appellant entered a plea of guilty in United States District Court to possession of stolen bank money.

On May 28, 1970, appellant was sentenced in state court to the maximum term of 5 years for burglary. At the time of sentencing, the court stated:

"* * * The court cannot at this time either make it concurrent or consecutive because you have not been sentenced in Federal Court. It will be up to the Federal Court to determine whether or not their sentence will be concurrent or consecutive with this one."

On July 9, 1970, appellant was sentenced in United States District Court to an indeterminate term not to exceed 10 years for the Federal offense to which he had pleaded guilty. The transcript of that proceeding reveals no mention of the Minnesota conviction or sentence, and the Federal District Court took no action and expressed no opinion relative to whether the Federal sentence should run consecutively to or concurrently with the state sentence. The Federal court delivered appellant to the custody of the United States attorney general pursuant to 18 USCA, § 3568, and service of the Federal sentence was begun immediately.[1]

---

[1] Apparently the Federal District Court may direct concurrent service of Federal and state sentences. Since 18 USCA, § 3568, requires physical custody and control of the prisoner by the attorney general in order to make sentence effective, the procedural method by which this is

While in Federal prison, appellant filed a pro se motion in Washington County District Court to correct or vacate his state court sentence. That motion was denied and an appeal was taken to this court on April 3, 1973. While the appeal was pending, appellant was paroled from Federal prison and immediately incarcerated in the state reformatory at St. Cloud. On October 24, 1973, appellant filed a pro se habeas corpus petition in Sherburne County District Court. A public defender was then appointed. Upon motion of the public defender, this court stayed the appeal and remanded the case to district court to allow appellant to consolidate all claims that he was unlawfully restrained of his liberty, including the motion for correction or vacation of the original state sentence.

Appellant challenges the denial of the writ of habeas corpus and the denial of the earlier motion to correct or vacate the sentence. He contends that his state sentence should be interpreted to have been concurrent with his Federal sentence rather than consecutive to it.[2]

A consecutive sentence is one which does not begin to run until

---

done is to deliver the prisoner to the director of the Bureau of Prisons, who, almost without exception, orders service of the Federal sentence in the appropriate state institution, pursuant to 18 USCA, § 4082(b). In the absence of a clear direction that this is to be done, however, the Federal courts have denied any argument that the Federal sentence was meant to run concurrently with a state sentence. Chaney v. Ciccone, 427 F. 2d 363 (8 Cir. 1970).

[2] In State v. Azzone, 271 Minn. 166, 135 N. W. 2d 488 (1965), we declined to consider the question whether a state sentence imposed after the imposition of a Federal sentence should run concurrently with the state sentence or consecutively because the appellant there had not yet served the minimum period of time required under the sentence of the district court with credit given for time served in the Federal prison. In the case at bar, however, it is undisputed that if the state and Federal sentences were concurrent, appellant has served the minimum period of time required under the sentence of the state court by means of his incarceration in the Federal prison for the Federal offense. Thus, the issue here is not prematurely raised.

the expiration of the term of the prior sentence. Under two or more concurrent sentences, the terms are served simultaneously and a prisoner is entitled to discharge at the expiration of the longest term specified. State v. Morrissey, 271 Minn. 123, 135 N. W. 2d 57 (1965).

Appellant correctly states that the common-law rule of this state was that where two or more sentences of imprisonment are imposed upon the same person, they are to be served concurrently unless the court expressly directs that they be served consecutively. State ex rel. Keyes v. Vasaly, 177 Minn. 338, 225 N. W. 154 (1929). However, this common-law rule was abrogated as early as 1886 by statutory provisions that a sentencing judge had no discretion to make the sentence concurrent. Penal Code of 1886, §§ 519, 520. Also, the statement made in the Keyes case was dictum and failed to distinguish between sentences imposed by the courts of the same state and sentences imposed by courts of two or more different jurisdictions. Such is the case here where we have sentencing by a state court and then by the Federal court.

Appellant also claims that Minn. St. 609.15, subd. 1,[3] which readopted the common-law rule, should control decision in this case. By its plain language it does not, and was not intended to, control in the situation presented here. It applies only to courts of this state, and only to the second sentencing court. This case involves state and Federal courts, and appellant is challenging the first sentence. The statute is inapplicable.

Even assuming that there had been a prior sentence by the Federal court in this case, there should be no presumption that

---

[3] Minn. St. 609.15, subd. 1, provides: "When separate sentences of imprisonment are imposed on a defendant for two or more crimes, whether charged in a single indictment or information or separately, or when a person who is under sentence of imprisonment in this state is being sentenced to imprisonment for another crime committed prior to or while subject to such former sentence, the court in the later sentences shall specify whether the sentences shall run concurrently or consecutively. If the court does not so specify, the sentences shall run concurrently."

the sentences were to be served concurrently. In People ex rel. Winelander v. Denno, 9 App. Div. 2d 898, 195 N. Y. S. 2d 165 (1959), Winelander was first sentenced on a Federal offense and later by a New York state court. The state court did not specify that the sentences were to be concurrent or consecutive. After serving his Federal sentence, Winelander was turned over to the New York authorities. He claimed that service of the Federal sentence satisfied the state sentence. On appeal the New York Court of Appeals disagreed, saying:

"* * * The common-law presumption that two sentences, imposed by one court or by different courts of the same jurisdiction or sovereignty, are concurrent, in the absence of a direction to the contrary by the second sentencing judge * * * is not applicable when the sentences are imposed under the laws and by the courts of separate sovereignties, such as the State of New York and the United States, and when the two places of confinement are entirely different * * *." 9 App. Div. 2d 899, 195 N. Y. S. 2d 167.

The Illinois case of People ex rel. Hesley v. Ragen, 396 Ill. 554, 561, 72 N. E. 2d 311, 314 (1947), came to the same conclusion. The Illinois Supreme Court stated:

"We now come to the final and serious question in this case as to whether or not petitioner is entitled to his discharge for the reason that the sentence imposed upon him by the Illinois court ran concurrently with his Federal sentence * * * there being nothing said in the judgment as rendered in the Illinois court as to whether or not his sentence was to run concurrently or consecutively with his penal service in the Federal jurisdiction.

\* \* \* \* \*

"* * * This rule of law that State and Federal sentences do not run concurrently would appear to be definitely settled by many adjudicated cases. * * * It is our judgment the sentences in this case did not run concurrently and that petitioner was not

entitled to credit on the Illinois judgment for the time served in prison on his Federal conviction."

The case relied upon by appellant, Ex Parte Lawson, 98 Tex. Cr. 554, 266 S. W. 1101 (1924), is not persuasive. There the Texas court held that where Lawson had been first sentenced in Federal court and thereafter brought before the state court and sentenced without any indication that the sentence was to be consecutive, the state sentence would run concurrently with the Federal sentence.[4] The case does not influence us for two reasons. First of all, it expresses a minority view which goes against the weight of authority. Secondly, the prior sentence was in Federal court. Thus, Lawson does not speak to the issue of concurrency presented here, where the state sentence was imposed first. In a later case, Ex Parte Spears, 154 Tex. Cr. 112, 113, 235 S. W. 2d 917 (1951), the same Texas Court of Criminal Appeals clearly indicated that if the state court sentence had been first, with the Federal court sentence following, the result would have been different:

"The holding of this court in Ex Parte Baird [154 Tex. Cr.

---

[4] Nor are we persuaded by In re Carey's Petition, 372 Mich. 378, 126 N. W. 2d 727 (1964). In Carey, there was a Federal sentence in existence at the time of sentencing by the Michigan court. The thrust of the Carey decision was that, where one was sentenced in a Federal court and subsequently sentenced in a Michigan state court, there was no statutory authority to impose a sentence to commence at completion of the Federal sentence. It should be noted, too, that three justices dissented in Carey. In Minnesota, there is statutory authority to make sentences concurrent with or consecutive to other sentences but it is limited to sentences by courts of this state. If we were to require trial judges to specify that a sentence is to run concurrently with or consecutively to a sentence which has not been given, should the same requirement be made for sentencing for crimes previously committed, but with which a defendant has not at the time of sentencing been charged? Is it not better to leave to the judge imposing the second sentence the determination whether or not his sentence should be consecutive or concurrent?

109, 225 S. W. 2d 845 (1950)] has given us much concern and we have, after careful consideration, reached the conclusion that we were in error in our holding that Baird was entitled to have his Texas sentence run concurrently with the sentence in the Federal penitentiary. In so holding we were misled by our understanding of the facts behind Ex Parte Lawson, 266 S. W. 1101. The reasoning in the Lawson case was sound and is still adhered to. The distinction between the two cases is made clear by a statement of the facts. Lawson had his Federal conviction and sentence against him at the time he was tried in a state court. It was the duty of the state court, at that time, to take cognizance of the [F]ederal conviction and he is presumed to have done so. When he failed to cumulate the state sentence with the Federal sentence and then returned him to the Federal authorities, it will naturally follow that the judge intended that the state sentence should run concurrently with the Federal sentence. * * *

\* \* \* \* \*

"It is noted in this court's opinion that the Federal judge, in passing sentence, made no reference to his state conviction. He could have made an order cumulating the Federal sentence, delivered him to the Texas authorities until he had served his sentence in this state, and then committed him to the Federal prison. He did not do that, but sent him direct to the Federal penitentiary. No order which the Federal court made, or could have made, would have any effect on an existing sentence from a Texas court. * * *

"* * * It is sufficient to say that the judgment which the Federal court entered had no effect whatsoever on an existing state judgment imposing sentence on Baird and we were in error in so holding. It becomes appropriate, in disposing of the question now before us, to say that our holding in the Baird case is overruled and so are each and every case in which this court has followed the Baird case."

No case in which a state court imposed its sentence prior to

the sentence of a court having different jurisdiction has been cited to us in support of appellant's position, and we know of none.

In this case, our state court could not have been expected to guess at the sentence, if any, that might be subsequently imposed in Federal court. The judge could not make the sentence concurrent with or consecutive to any Federal sentence because at the time there was no such sentence. Although appellant had pleaded guilty on the Federal charge, there was a possibility that he might never have been sentenced to prison in Federal court. For instance, he might have petitioned that court for permission to withdraw his guilty plea; the petition might have been granted, and in a trial he might have been acquitted. Thus, the trial judge did the appropriate thing—he sentenced appellant on the state offense, leaving it up to the Federal judge to make that sentence concurrent or consecutive. That court did not direct that its sentence be concurrent with the state sentence. As admitted by appellant, in the absence of any clear direction to the contrary, Federal sentences are to run consecutive to state sentences.

While it is highly desirable that multiple prison sentences imposed by different sovereignties be served under one correctional authority, that goal cannot be attained under the present system of Federal and state laws by the method urged by appellant, that of disregarding the state court sentence. Under that approach, for example, if a person is convicted of robbery in Minnesota and sentenced to 5 years and is thereafter convicted of a crime in Federal court and sentenced to 5 years, he would be free in 5 years. However, a defendant who committed only one state or one Federal crime might receive a 5-year sentence also. This disparity in punishment should not result merely because of the desirability of multiple sentences being served at one time under one correctional system.

Affirmed.

OTIS, JUSTICE (dissenting).

Minn. St. 609.15 provides as follows:

"When separate sentences of imprisonment are imposed on a defendant for two or more crimes, whether charged in a single indictment or information or separately, or when a person who is under sentence of imprisonment in this state is being sentenced to imprisonment for another crime committed prior to or while subject to such former sentence, the court in the later sentences shall specify whether the sentences shall run concurrently or consecutively. If the court does not so specify, the sentences shall run concurrently."

It is significant that the statute endorses unitary and simultaneous incarceration for all offenses committed prior to the conviction for which sentence is being imposed. This is the position adopted by the American Bar Association in its Standards Relating to Sentencing Alternatives and Procedures (Approved Draft, 1968). Section 3.5 provides in part:

"The failure to integrate prison sentences for crimes committed in different states seriously inhibits a consistent, coherent treatment program during confinement. * * * It is therefore highly desirable that multiple sentences of imprisonment imposed by different states be served at one time and under one correctional authority."

Although the majority is not persuaded by Ex Parte Lawson, 98 Tex. Cr. 554, 266 S. W. 1101 (1924), that case squarely held that where a defendant is under sentence in a Federal court, a subsequent sentence in a state court runs concurrently with the Federal sentence. A similar rule was adopted in Michigan in In re Carey's Petition, 372 Mich. 378, 126 N. W. 2d 727 (1964). There, the court held that where a defendant has been sentenced in Federal court and is subsequently sentenced in a state court, the state sentence may not, in the absence of statutory authority, commence at the completion or expiration of Federal sentence.

In my opinion, where the trial court can foresee that a Federal penalty will be imposed but refuses to specify whether the sentence shall be concurrent or consecutive, it should be presumed as a matter of law that the terms of the sentences are to run concurrently. Such a rule of law is consistent with the common law of this state, the legislative philosophy made evident by § 609.15, and the approach of the A. B. A. Standards. It provides for multiple offenders the benefit of a unified treatment plan which by definition seeks rehabilitation in preparation for their ultimate return to the community.

Adopting a presumption that sentences shall be concurrent does not prevent the first judge from stating that the sentence shall be served consecutively with any sentence thereafter imposed. Nor does such a rule of law offend considerations of comity by preventing the Federal court from independently determining whether or not the Federal sentence is to run consecutively with the state sentence. The Federal court may preserve its prerogative by directing that the state sentence first be served before the Federal sentence begins to run.

The procedure suggested prevents the kind of irrational fortuity which denies a defendant a decision on whether his sentence is to run consecutively or concurrently merely because the state sentence is imposed first. Had the order been reversed, with the state sentence coming after the Federal sentence, it seems entirely clear that the statute would govern, and that in the absence of contrary direction, the sentence would run concurrently. Disparate sentencing should not depend merely on an accident of timing. I would reverse.

MacLaughlin, Justice (dissenting).
I concur in the dissent of Mr. Justice Otis.