Dear Mr. Toan:
This is in response to a request from your predecessor for an opinion which reads as follows:
 If an individual receives concurrent sentences, one under a pre-code statute and one under the criminal code, and the conditional release date arrives before the 7/12th date, can the individual be held past his conditional release date until the arrival of his 7/12th release date?
This situation will occur whenever a defendant commits crimes both before and after January 1, 1979, the effective date of the new criminal code, and the defendant receives a longer sentence on the pre-code offense. Although § 557.011, RSMo 1978, and § 558.011.4, RSMo 1978, provide for a conditional release term for a non-code offense committed after January 1, 1979, a defendant is not entitled to a conditional release term on an offense committed prior to the effective date of the new criminal code. This is mandated by §556.031(3), RSMo 1978, which states, in part, that:
 [A]ny offense committed prior to January 1, 1979, . . . must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted, . . .
For a pre-code offense, early release from prison is governed solely by provisions in effect prior to the enactment of the new criminal code. Parrish v. Wyrick, 589 S.W.2d 74, 79 (Mo.App., W.D. 1979). Section 216.335, RSMo 1969, provided for early release for a prisoner who served 9/12ths of his sentence. Further, administrative rules of the division of corrections provided that, for satisfactorily serving 7/12ths of his sentence, a prisoner would be entitled to recommendation for commutation by the Governor. See Parrish v. Wyrick,supra, at 78.
If a person is not entitled to be released from the penitentiary on one sentence, the longer pre-code sentence, he should not be discharged simply because he is entitled to be released on the shorter, code offense sentence. The problem with this logical conclusion is the following language of the statute dealing with conditional release under the code:
 `Conditional release' means the conditional discharge of a prisoner by the division of corrections, . . . subject to the supervision under the state board of probation and parole. (Section 558.011.4(2), RSMo Supp. 1980.
Nevertheless, even though the above language indicates that an individual should be discharged from the penitentiary on arrival of his conditional release date, this is not the case when an individual is still serving time on a longer concurrent sentence. He is not entitled to be released until time for discharge on that longer sentence has arrived. Forbes v. Haynes, 465 S.W.2d 485, 491 (Mo. banc 1971). Such a person is not entitled to be released from the penitentiary until he is granted early release under the 7/12ths rule with respect to the pre-code sentence. Therefore, a prisoner is not entitled to a conditional discharge on a shorter code sentence while he is still properly incarcerated on a longer pre-code concurrent sentence.
After determining that a person must remain incarcerated on the longer pre-code sentence even after the arrival of the conditional release date on the shorter code sentence, the question that should be answered is how to serve the conditional release on the shorter sentence. A letter received by this office from the Department of Social Services presents the following situation:
 A defendant receives a three year sentence on a pre-code offense, and a two year concurrent sentence on a code offense. Under Section 558.011.4(1)(a), the defendant is entitled to conditional release after serving sixteen months in the penitentiary on the two year code sentence, but he is not entitled to early release under the 7/12ths rule until 21 months has been served on the three year pre-code sentence. Does the conditional release time run during the five months of incarceration on the longer pre-code sentence, or is it simply "dead time", with the conditional release term beginning only when the prisoner is released from the penitentiary after the 7/12ths date on the pre-code offense has arrived?
This question has been answered to a large extent in the companion opinion to this request. Att'y Gen. Op. No. 17, Toan, also issued today. Briefly, the conditional release term should continue to run while the prisoner is incarcerated on the pre-code offense sentence. Concurrent sentences run simultaneously with each other, and at the end of the longer sentence, the defendant is entitled to a discharge. State v. Tahash, 159 N.W.2d 99, 102 (Minn. 1968). The component parts of the shorter code offense sentence, both the "prison term" and the "conditional release term," run continuously with the term of imprisonment on the longer concurrent sentence of the pre-code offense. This is especially true as there are no statutes dealing with the method of serving conditional release terms while incarcerated on another sentence, and since penal statutes are involved, they must be construed liberally in favor of the defendant. State v.Treadway, 558 S.W.2d 646, 652-653 (Mo. banc 1977), cert. denied,439 U.S. 838, 99 S.Ct. 124 (1978). If the conditional release date on the shorter code sentence was delayed until the arrival of the 7/12ths date on the longer pre-code sentence, the prisoner's shorter code sentence would be interrupted and not continuous, and it would cause the prisoner to serve five months "dead time" on the code sentence, a result contrary to the above-mentioned rule of leniency.
In the example posed by the letter request to this office, involving a two year code sentence and a three year pre-code sentence, the conditional release term on the code sentence would continue to run while the prisoner was incarcerated on the longer pre-code sentence pending the arrival of his 7/12ths date. Upon arrival of the 7/12ths date, the prisoner would have three remaining months of his conditional release term on his two year code sentence. He would then be released subject to the conditional release. In the example he would be in prison for 21 months.
It should be noted that, upon arrival of the conditional release date on the code sentence, the prisoner would be discharged to the custody of the board of probation and parole, even though he still remained incarcerated on the pre-code sentence. This matter is more fully explained in Opinion Number 17.
CONCLUSION
It is the opinion of this office that a defendant receiving concurrent sentences on offenses committed both before and after the enactment of the present criminal code, can be held in prison beyond his conditional release date on the code sentence until he is granted release on the 7/12ths date on the pre-code sentence. However, the conditional release term should continue to run simultaneously with any periods of incarceration on the longer concurrent pre-code sentence.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, Lew A. Kollias.
Very truly yours,
 JOHN ASHCROFT Attorney General