James Paul MOFFITT, Appellant,

v.

STATE of Minnesota, Respondent.

No. 51587.

Supreme Court of Minnesota.

April 3, 1981.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

OTIS, Justice.

This is a postconviction proceeding raising the issue of the legality of the imposition of a prison term to run consecutively to a previously imposed but unexecuted sentence for an earlier offense.

Petitioner plead guilty in 1978 to burglary, and the trial court imposed a 5-year prison term, with the term to run consecutively to a previously imposed but unexecuted sentence of 5 years for a 1976 burglary. After the sentencing judge imposed the 5-year consecutive term, a different judge vacated the stay of execution of the previously imposed sentence.

■ Petitioner's argument is that Minn. Stat. § 609.15, subd. 1 (1980), barred the court from ordering that the sentence run consecutively to the unexecuted 1976 sentence. We hold otherwise.

The statute reads:

When separate sentences of imprisonment are imposed on a defendant for two or more crimes, whether charged in a single indictment or information or separately, or when a person who is under sentence of imprisonment in this state is being sentenced to imprisonment for another crime committed prior to or while subject to such former sentence, the court in the later sentences shall specify whether the sentences shall run concurrently or consecutively. If the court does not so specify, the sentences shall run concurrently.

Rejecting petitioner's argument, we hold that for purposes of this statute a defendant is subject to and under a sentence of imprisonment once a sentence has been imposed, even if the execution of that sentence has been stayed and the defendant placed on probation.

Under Minn.R.Crim.P. 27.03, subd. 4, the sentencing court must state the terms of the sentence at the time of imposition of sentence. Under subdivision 9 of the rule the sentencing court may modify a sentence during a stay of execution but may not increase the period of confinement. In other words, the judge who imposed the unexe-

cuted sentence for petitioner's 1976 burglary conviction would not have been free to make the sentence run consecutively to the 1978 sentence.

In any event—and we believe this will usually be the case—the second sentencing judge was in a better position to determine whether consecutive sentencing was justified.

Further, if we were to accept petitioner's interpretation of the statute, the only way the second sentencing judge could have ordered the sentence to run consecutively to the prior sentence would have been for him to wait until after the stay of execution of the first sentence had been vacated. We see no need for requiring the second sentencing judge to wait, and we do not believe that the statute requires this.

Finally, we disagree with petitioner's contention that the logical result of this approach is that there will be cases in which a defendant will have to serve a term of imprisonment after a period of probation. As the state points out in its brief, in every case the defendant would start serving his later term when imposed and would then start serving the earlier sentence if and when the stay of its execution was vacated, with the balance of the consecutive sentence being served after discharge from the executed earlier sentence.

■ In conclusion, we hold that the trial court did not violate section 609.15, subdivision 1, in ordering that the sentence be served consecutively to petitioner's previously imposed but unexecuted prison sentence. Accordingly, we affirm the order of the postconviction court.

Affirmed.