**STATE of Minnesota, Respondent,**

v.

**William LaVerne STAFFORD,
Appellant.**

No. C9–84–2032.

Court of Appeals of Minnesota.

May 28, 1985.

improperly imposed a consecutive sentence and improperly imposed an executed rather than a stayed sentence. We affirm.

## FACTS

On August 13, 1981, Stafford pled guilty to second degree criminal sexual conduct, Minn.Stat. § 609.343(a) (Supp.1981). Imposition of sentence was stayed and Stafford was placed on three years probation. The presumptive sentence was 21 months stayed.

On August 24, 1984, Stafford pled guilty to another charge of criminal sexual conduct in the second degree. He was sentenced to 36 months imprisonment to be served consecutively with any revocation of the earlier stay of sentence.

After a hearing, Stafford's probation in the earlier matter was revoked. He was sentenced to 21 months in prison, stayed, and probation for ten years.

## ISSUES

1. Did the sentencing court improperly impose a consecutive sentence?

2. Did the court improperly impose an executed sentence?

## ANALYSIS

### I.

Stafford argues the sentencing court was without authority to impose a consecutive sentence because Minn.Stat. § 609.15, subd. 1 (1984) bars a court from ordering a sentence which is consecutive to a previous unimposed sentence. Minn.Stat. § 609.15, subd. 1 reads as follows:

> When separate sentences of imprisonment are imposed on a defendant for two or more crimes, whether charged in a single indictment or information or separately, *or when a person who is under sentence of imprisonment in this state is being sentenced to imprisonment for another crime committed prior to or while subject to such former sentence,* the court in the later sentences shall specify whether the sentences shall run

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Johnson, Hennepin County Atty., Anne E. Peek, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Heidi H. Crissey, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is a sentencing appeal. William Stafford contends that the sentencing court

concurrently or consecutively. If the court does not so specify, the sentences shall run concurrently.

(Emphasis added).

■ We agree with Stafford that he was not under a sentence of imprisonment for the purposes of this statute at the time the consecutive sentence was imposed. We do not agree that the sentence is therefore invalid.

■ The supreme court has held that when the court chooses to grant a stay by means of stay of execution, the defendant is subject to and under a sentence of imprisonment for the purposes of Minn.Stat. § 609.15, subd. 1. *Moffitt v. State*, 304 N.W.2d 31 (Minn.1981). A stay of imposition, however, is fundamentally different. Until the stay is vacated, and sentence imposed, there is no sentence of imprisonment.

■ It does not follow, however, that the consecutive sentence was invalid. Minn.Stat. § 609.15, subd. 1, is applicable only to the second sentencing court. *State v. Petersen*, 305 Minn. 478, 481, 235 N.W.2d 801, 803 (1975). The option of consecutive sentencing should be reserved to the judge last sentencing the defendant, who is in the better position to determine whether consecutive sentencing is justified. *See Moffitt*, 304 N.W.2d at 32.

■ Here the court which ordered consecutive sentencing was the first court to actually sentence appellant, since *imposition* of sentence had been stayed on the earlier offense. Although sentencing was not in the statutorily-prescribed order, we conclude that invalidation of the sentence is not required.

The sentencing guidelines provide that consecutive sentencing may be ordered, without written reasons,

> [w]hen a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, and when the sentence

for the most severe current conviction is executed according to the guidelines * *.

Minnesota Sentencing Guidelines II.F.1.

As stated above, we agree with Stafford that no prior sentence existed when he was sentenced to the consecutive 36-month sentence. With this sentence pronounced, however, he could then have been sentenced consecutively for the prior offense. We could remand to the second sentencing court for consideration of consecutive sentencing. The result would almost certainly be the same, however, and we decline to reverse or remand sentencing for this technical error. As the court stated in *Bangert v. State*, 282 N.W.2d 540, 547 (Minn.1979):

> The present case involves simply an error of law in sentencing. It is not at all clear that fairness and public policy entitle a defendant to the benefit of a mistake by the sentencing judge.

The two sentences here were closely coordinated by appellant's attorney, who received assurances from the second sentencing judge as to his sentencing intent before pleading guilty to the other offense. Under these circumstances, we can see no prejudice to appellant from the sentencing proceeding out of the statutorily-prescribed order. Since the second sentencing judge was informed of the consecutive sentence, and the result was certainly within his intent, a remand would be an unnecessary act. *Cf., Bangert v. State*, 282 N.W.2d at 547 (sentencing remanded where it was unclear whether sentence effectuated intent of sentencing judge).

## II.

Stafford personally asserts that his term of 36 months was improperly executed and should have been stayed.

Minn.Stat. § 609.346, subd. 1 (1984) provides that if a person is convicted of a second or subsequent criminal sexual assault in the second degree within 15 years of the prior conviction,

> the court shall commit the defendant to the commissioner of corrections for imprisonment for a term of not less than three years * * * *.

A three year prison sentence, stayed, complies with the requirements of Minn.Stat. § 609.346, subd. 1. *State v. Feinstein*, 338 N.W.2d 244, 247 (Minn. 1983). However, the presumptive disposition for second and subsequent sex offenses is imprisonment and a stay of execution constitutes a dispositional departure. Comment, Minnesota Sentencing Guidelines II.E.03. The sentencing judge properly imposed a 36 month executed sentence.

## DECISION

The court should have left to the later-sentencing court the option of consecutive sentencing. Since the later-sentencing judge was consulted by appellant, however, and the sentencing result was within his intent, a remand is not required. The court properly imposed an executed three year sentence.

Affirmed.