STATE of Minnesota, Respondent,

v.

James LeRoy CRAPSER, Appellant.

No. C0–85–1510.

Court of Appeals of Minnesota.

Dec. 10, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John R. Leitner, Aitkin Co. Atty., Aitkin, for respondent.

C. Paul Jones, State Public Defender, Mary C. Cade, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and FOLEY and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is a sentencing appeal. Appellant James Crapser pleaded guilty to one count of intrafamilial sexual abuse in the first degree. The trial court sentenced Crapser to a 41-month sentence which he is to serve consecutively to another sentence resulting from a prior conviction of first degree intrafamilial sexual abuse. On appeal, Crapser asserts that the trial court abused its discretion by ordering consecutive rather than concurrent sentences. We affirm.

## FACTS

On March 15, 1985, Crapser was charged with three counts of intrafamilial sexual abuse in the first degree arising out of alleged sexual contact with his then fourteen-year-old daughter. On May 6, 1985, he pleaded guilty to one of the counts charged. The other two counts were dismissed.

Meanwhile, on April 8, 1985, pursuant to a guilty plea, Crapser was sentenced to a 45-month prison term on one count of intrafamilial sexual abuse in the first degree arising out of Crapser's sexual relationship with his then seventeen-year-old stepdaughter.

On May 20, 1985, Crapser was sentenced to a 41-month prison term as the result of his May 6 plea. The court directed that this 41-month sentence be served consecutively to his 45-month one. Crapser had requested a 54-month concurrent sentence. He is now serving 86 months at Stillwater Prison.

## ISSUE

Did the trial court abuse its discretion in imposing consecutive sentences upon Crapser?

## ANALYSIS

The Sentencing Guidelines provide that a consecutive sentence may be imposed without a departure from those Guidelines:

[W]hen a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the

current felony convictions is for a crime against a person * * *.

Minnesota Sentencing Guidelines II.F.2.

Crapser concedes that he may be sentenced consecutively or concurrently because of his multiple current felony convictions for crimes against different persons. He contends, however, that the imposition of a consecutive sentence on May 20, 1985, unfairly exaggerates the criminality of his conduct. *See State v. Montalvo*, 324 N.W.2d 650, 652 (Minn.1982).

The trial court is granted broad discretion in sentencing. *Massey v. State*, 352 N.W.2d 487, 489 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Oct. 16, 1984).

Our review of the record indicates that the trial court carefully considered and weighed its sentencing options. It concluded that consecutive sentencing in this case was fair. Given the circumstances of this case, we do not consider that the trial court's consecutive sentencing unfairly exaggerates the criminality of Crapser's conduct. We do not believe that the trial court's sentencing decision constitutes an abuse of discretion.

### DECISION

The trial court did not abuse its discretion in imposing consecutive sentences upon Crapser.

Affirmed.