**Cleo Grace DOCKIN, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C6–86–1165.**

Court of Appeals of Minnesota.

Jan. 13, 1987.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Karl H. Van D'Elden, Minneapolis City Atty's. Office, Minneapolis, Gordon Mohr, Bloomington, (On behalf of Cities of Hopkins, Maple Grove, Wayzata, Plymouth, Minnetonka), Laurel M. Hersey, Minnetonka Asst. City Atty., Minnetonka, Earle T. Anderson, Jr., Maple Grove City Atty., Golden Valley, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

Cleo Dockin appeals from a post-conviction court order affirming the running of her misdemeanor sentences consecutive to a felony sentence. We reverse.

## FACTS

Between November 1982 and August 1983, Cleo Dockin issued several worthless checks in several Hennepin County communities. She eventually pleaded guilty to 17 counts of misdemeanor theft for issuing worthless checks totaling $1441. She was sentenced by Hennepin County Municipal Court to 90 days for each count, with execution stayed for one year on conditions she have no same or similar arrests or charges, pay restitution, and serve consecutive time if ever revoked.

Later, on July 16, 1985, Dockin was charged in Hennepin County District Court with theft by check over $2500. She pleaded · guilty to this felony on condition her sentence run concurrent with a prior probation revocation on a previously stayed felony sentence. She was sentenced on October 22, 1985 in Hennepin County District Court to the presumptive guidelines sentence of 32 months. Probation was also revoked on the prior stayed felony sentence and she was given a concurrent 15–month sentence for that offense.

Immediately following this sentencing, Dockin appeared before Hennepin County

C. Paul Jones, State Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Municipal Court for revocation of the 17 prior stayed misdemeanor sentences. The court revoked probation and sentenced her to 90 days on each charge for a total of 1530 days and ordered the sentence run consecutive to the district court sentence of 32 months.

Dockin sought post-conviction relief in Hennepin County District Court. Another judge reduced Dockin's sentence from 1530 to 360 days, thereby complying with Minn. Stat. § 609.15, subd. 2, which limits the aggregation of misdemeanor sentences to one year. However, the court ordered Dockin's 360–day misdemeanor sentence run consecutive to her 32–month felony sentence. Dockin appeals.

### ISSUE

Should the misdemeanor sentences run consecutive to the felony sentences?

### ANALYSIS

1. Although this appeal concerns misdemeanor sentences, it is properly before us. *See Ebert v. State*, 284 N.W.2d 548, 549 n. 1 (Minn.1979). The sole question concerns the propriety of consecutive sentencing. Dockin does not dispute the 360–day sentence for the misdemeanor convictions.

Dockin was originally sentenced to 90 days on each charge with execution stayed for each conviction. As such she was subject to and under a term of imprisonment for purposes of Minn.Stat. § 609.15, subd. 1 (1986). *Moffitt v. State*, 304 N.W.2d 31, 32 (Minn.1981); *cf. State v. Stafford*, 368 N.W.2d 364 (Minn.Ct.App.1985) (not under a term of imprisonment when imposition of sentence is stayed). Minn.Stat. § 609.15, subd. I specifies that when a defendant is under a term of imprisonment and is being sentenced for another crime, the court in the later sentence shall specify whether the sentences shall be consecutive or concurrent. The reason is that the second sentencing judge is in the better position to determine if consecutive sentencing is justified. *Moffitt*, 304 N.W.2d at 32.

■ Thus, it was up to the Hennepin County District Court, as the second sentencing judge, to specify whether consecutive or concurrent sentencing was to occur. Consecutive sentencing was not specified and hence the previously imposed misdemeanor sentences should have run concurrent when they were later executed by the county judge. Minn.Stat. § 609.15, subd. 1; *State v. Dulski*, 363 N.W.2d 307, 309 (Minn.1985).

■ The county court was the first to sentence Dockin, not the second. Revocation of Dockin's probation after the district court sentenced her on the felony charges does not change the fact that the county court had no authority to order consecutive sentencing. Further, there is no authority which allows the first sentencing judge to circumvent Minn.Stat. § 609.15 and the subsequent case law by reserving the right to sentence consecutively if a sentence whose execution is stayed is later executed. The trial court and the post-conviction court violated Minn.Stat. § 609.15, subd. 1 in ordering Dockin's misdemeanor sentences be served consecutively to her felony sentences.

■ 2. The use of consecutive sentencing in this matter is also unfair and contrary to the spirit of the Minnesota Sentencing Guidelines. While technically the guidelines do not apply since this matter involves misdemeanor sentences, the supreme court in *State v. Dulski*, 363 N.W.2d 307, 310 (Minn.1985), said it was unfair to hold a defendant may have to serve more total time in confinement than he would have to serve if convicted of a felony, because of the technical non-applicability of the sentencing guidelines. The guidelines provide: "There is a presumption against consecutive sentences for property offenses, * * *." Minnesota Sentencing Guidelines II.B.203 Comment.

Here the 17 charges could have been aggregated and Dockin could have been charged with one or two felony counts under Minn.Stat. § 609.52, subd. 3(5). Concurrent sentencing would have been presumed and Dockin would not have served

any more time than the 32 months. It is doubtful whether aggravating circumstances exist in this case to justify a departure.

If consecutive sentencing were allowed, Dockin's misdemeanor consecutive sentence would be harsher than a consecutive felony sentence had she been convicted of felony charges through aggregation of the counts. Dockin's attorney also alleges on appeal that her activities in prison are more restricted than they would be had she received a felony sentence because the misdemeanor sentence has resulted in a detainer against her. Because of the detainer, she does not have a supervisory release date and is not eligible for certain work release privileges, school privileges and other activities at Shakopee prison where she is currently confined. Thus, we agree that consecutive sentencing in this case unfairly exaggerated the criminality of her conduct and is unfair.

## DECISION

Dockin's misdemeanor sentences should not run consecutive to her felony sentence. Dockin's sentences shall be modified accordingly.

Affirmed as modified.