STATE of Minnesota, Respondent,

v.

William Howard MEECH, Appellant.

No. C9–86–1094.

Court of Appeals of Minnesota.

Feb. 3, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Joseph F. Wieners, Dodge Co. Atty., Mantorville, for respondent.

C. Paul Jones, State Public Defender, Marie Wolf, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

William Howard Meech was convicted of criminal sexual conduct in the third degree, Minn.Stat. § 609.344(c) and criminal sexual conduct in the fourth degree, Minn.Stat. § 609.345(c) (1984). He challenges the sufficiency of evidence, a pretrial ruling permitting the use of a prior conviction for impeachment, and the length of his sentence. We affirm.

## FACTS

J.H., the complainant in this case, lived with her boyfriend in West Concord, Minnesota. In the early afternoon of October 11, 1985, she was home watching television. J.H. had taken special education classes when she was in school and described herself as "slow." She had been up late the night before and was still in her nightgown when Meech knocked on her door. She knew Meech because her boyfriend was a first cousin to Meech's wife. Meech asked for coffee and then went to use the bathroom.

Meech returned from the bathroom with his zipper open and his penis showing. J.H. hinted that Meech should pull up his zipper. Meech sat down next to J.H. on the couch, still exposed. On the couch, Meech tried to put J.H.'s hand on his penis, but she resisted. He then told her to "shut up" and he pushed up her nightgown and got on top of her. While holding her hands down, he engaged in sexual intercourse with J.H. Later that evening J.H. told her boyfriend about the incident, and the police were called.

At trial Richard Kubitza, an insurance agent who lived near J.H.'s home, testified that about 1:00 p.m. that day he saw Meech get out of his truck a block from J.H.'s home. Kubitza stated that he saw Meech enter J.H.'s home. About 30–45 minutes later, he observed Meech's truck still parked in the same place.

Meech did not testify. He called three alibi witnesses—his sister-in-law, a friend, and his wife—who claimed Meech was not at J.H.'s home at the time she said she was raped. The jury convicted Meech of criminal sexual conduct in the third and fourth degree. The trial court vacated the fourth-degree conviction pursuant to Minn.Stat. § 609.04.

## ISSUES

1. Was the evidence sufficient to sustain appellant's conviction for criminal sexual conduct in the third degree?

2. Did the trial court abuse its discretion in ruling that a prior conviction was admissible for impeachment and thereby deprive appellant of his right to testify?

3. Did consecutive sentencing unfairly exaggerate the criminality of appellant's conduct?

4. Did the trial court err in sentencing appellant on his current offense before executing a prior stayed sentence?

## ANALYSIS

### I

■ We have reviewed the record and conclude there was ample evidence for the

jury to convict. Contrary to Meech's assertion that there was no evidence placing him at the scene, the testimony of both Kubitza and J.H. placed him at J.H.'s home around 1:00 p.m. Further, there was sufficient evidence to show the sexual assault was accomplished through force or coercion. Force is defined as

the infliction, attempted infliction, or threatened infliction by the actor of bodily harm or commission or threat of any other crime by the actor against the complainant or another, which causes the complainant to reasonably believe that the actor has the present ability to execute the threat and also causes the complainant to submit.

Minn.Stat. § 609.341, subd. 3 (1984). Coercion is defined as

words or circumstances that cause the complainant reasonably to fear that the actor will inflict bodily harm upon, or hold in confinement, the complainant or another.

Minn.Stat. § 609.341, subd. 14 (1984).

J.H. attempted to stop Meech, but she was fearful and overpowered by his words and actions in pushing up her nightgown and holding her hands down. This is sufficient for conviction under Minn.Stat. § 609.344(c). *See also State v. Middleton,* 386 N.W.2d 226 (Minn.1986) (coercion element in Minn.Stat. § 609.345(c) met when actor coerces complainant by causing fear while accomplishing sexual contact).

## II

■ The trial court's decision allowing evidence of a prior conviction for impeachment will not be reversed absent a clear abuse of discretion. *State v. Graham,* 371 N.W.2d 204, 209 (Minn.1985). Under the factors outlined in *State v. Jones,* 271 N.W.2d 534, 538 (Minn.1978), we find no abuse of discretion in the trial court's ruling that Meech's 1984 conviction for intrafamilial sexual abuse in the second degree was admissible if Meech testified.

Meech contends the trial court's ruling had a "chilling effect" which compelled his decision not to testify. However, the record discloses there were other factors involved in his decision not to testify; the court's ruling did not directly prevent Meech from testifying. *Graham,* 371 N.W.2d at 209. We also note that the "chilling" argument has been consistently rejected when raised in other cases. *See State v. Kvale,* 302 N.W.2d 650, 653 (Minn. 1981); *State v. Gravley,* 359 N.W.2d 681, 683 (Minn.Ct.App.1984). We find no error in the court's decision on this issue.

## III

■ Meech challenges the imposition of consecutive sentences for his current conviction and a prior second-degree intrafamilial sexual abuse conviction in which the sentence had been stayed and then imposed at the sentencing for his current conviction. Meech concedes that consecutive sentencing is allowed in this case without a departure. Minnesota Sentencing Guidelines II. F.1. We see no abuse of discretion. *State v. Crapser,* 378 N.W.2d 110, 112 (Minn.Ct. App.1985). The trial court carefully considered the availability of treatment programs and the serious nature of the crimes in sentencing consecutively. The sentence is fair and does not unfairly exaggerate the criminality of his conduct.

## IV

The trial court imposed a 41–month sentence for Meech's third-degree criminal sexual conduct conviction based on a severity level VII offense and a criminal history score of 2. After the court imposed sentence, Meech requested that his 1984 conviction for intrafamilial sexual abuse in the second degree, for which he had received a stay of imposition, be executed. The trial court ordered that Meech serve 21 months for that conviction (severity level VI, criminal history 0) and that it be served consecutively. Meech received credit of ten months for time served, resulting in a total sentence of 52 months.

On appeal Meech claims the court should have imposed sentence on the stayed intrafamilial sexual abuse conviction first and

then sentenced consecutively on the current offense. Under this method, Meech asserts, he should have received 21 months for the intrafamilial sexual abuse conviction and 36 months for the current offense (24 months, based on severity level VII, criminal history 0, but 36 months mandatory minimum) for a total of 47 months after credit for time served. We agree.

■ Generally, sentencing occurs in the order in which the offenses occurred. Minnesota Sentencing Guidelines II.B.101 comment. Under Minn.Stat. § 609.15, subd. 1, when consecutive sentencing is done, the latter offense is sentenced consecutive to the prior offense. This is the case even when the first offense is an unexecuted prison sentence. *Moffitt v. State*, 304 N.W.2d 31 (Minn.1981).

■ In *State v. Stafford*, 368 N.W.2d 364 (Minn.Ct.App.1985), the defendant was sentenced to 36 months for his current offense consecutive to time resulting from a revocation of an earlier stay of imposition. We noted that technically this was not the correct order of sentencing, since the court which ordered consecutive sentencing was the first court to actually sentence the defendant. We declined to reverse or remand, however, because there was no prejudice to the defendant. Here, the same court is sentencing on the current offense and imposing a stayed sentence at the same time. Similar to *Stafford*, the sentencing was not in the correct order. However, there is prejudice here by virtue of the fact that the difference in sentencing order means a difference of five months in the length of the sentence.

The State's primary theory for upholding the sentence is that Meech waited until sentencing on the current offense was imposed before formally deciding what to do about the stayed conviction. From our reading of the sentencing transcript, this is an overly technical view and does not properly reflect what occurred. The record shows that at the start of the sentencing proceeding, defense counsel inquired into the probable sentence on the stayed offense and that most of the proceeding involved a prolonged discussion of both sentences. We therefore modify the sentence to a total of 57 months prior to credit for time served.

### DECISION

Appellant's conviction is affirmed; the sentence is modified to a total of 57 months to reflect the correct order of sentencing.

Affirmed as modified.