**STATE of Minnesota, Respondent,**

v.

**Richard Ray ISAACSON, Appellant.**

**No. C6–87–902.**

Court of Appeals of Minnesota.

July 28, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Eileen M. Wells, Asst. Co. Atty., Virginia, for respondent.

C. Paul Jones, State Public Defender, Cathryn Y. Middlebrook, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., NORTON and MULALLY, JJ.,* with oral argument waived.

* Acting as judge of the Court of Appeals by ap-

## OPINION

EDWARD D. MULALLY, Judge.

Appellant Richard Isaacson appeals a trial court order resentencing him to consecutive terms when the original sentence left unspecified whether the sentence was consecutive or concurrent. We agree with appellant's contentions and reverse.

## FACTS

Appellant pleaded guilty in St. Louis County in Virginia, Minnesota, for violating Minn.Stat. § 169.129 (1986) for driving while under the influence while his license was revoked because of a prior D.W.I. This was a gross misdemeanor offense. The trial court ordered a presentence investigation report. The report indicated appellant was on probation for two counts of aggravated D.W.I. in St. Louis County, Duluth, for a July 3, 1985 offense. The probation officer recommended a sentence of one year at the Northeast Regional Correction Center (NERCC).

The next day, January 29, 1987, the trial court in Virginia sentenced appellant to one year at NERCC. The court did not specify as to whether the sentence should be consecutive to any sentence imposed if appellant's probation were revoked by the judge in Duluth.

The trial court then discovered that on January 26, 1987, appellant had appeared in Duluth on a probation violation. Appellant had been ordered to serve the remainder (189 days) of the original sentence from the July 3, 1985 offense.

Appellant's attorney in Virginia apparently was unaware that appellant had appeared for the probation revocation in Duluth as appellant had a different attorney for the Duluth matter. On its own motion, the Virginia trial court held a resentencing hearing on February 11, 1987, and ordered that the one year term be served consecutive to the 189 day sentence imposed by the Duluth judge. The court stated that had it known appellant had already appeared for his probation revocation hearing, it would

pointment pursuant to Minn. Const. art. 6, § 2.

have imposed a consecutive term at the original sentencing of January 29.

## ISSUE

Did the trial court err in resentencing appellant to a consecutive term?

## ANALYSIS

At the January 29 sentencing, appellant was never asked about the status of the probation violation. It appears the record of appellant's January 26 probation revocation in Duluth did not get to Virginia by January 29. The Virginia trial court assumed that the probation violation would occur subsequent to the sentencing on January 29.

Minn.Stat. § 609.15, subd. 1 (1986) states:

> When separate sentences of imprisonment are imposed on a defendant for two or more crimes, whether charged in a single indictment or information or separately, or when a person who is under sentence of imprisonment in this state is being sentenced to imprisonment for another crime committed prior to or while subject to such former sentence, the court in the later sentences shall specify whether the sentences shall run concurrently or consecutively. *If the court does not so specify, the sentences shall run concurrently.*

(Emphasis added.) By failing to specify concurrent or consecutive sentencing on January 29, the trial court correctly noted that the statute mandates concurrent sentencing.

The Constitution of the United States prohibits resentencing to a term greater than the term chosen when sentencing first occurred. *State v. Montjoy,* 354 N.W.2d 567, 568 (Minn.Ct.App.1984). Appellant's sentence on January 29 was a legal, authorized sentence.

The Virginia court should not have relied on the Duluth court to impose consecutive sentencing because the Duluth court had no authority to order its sentence consecutive to the Virginia sentence, whether the Duluth probation revocation was held be-

fore or after the Virginia sentencing. *State v. Klang,* 320 N.W.2d 718 (Minn. 1982) (trial court lacks authority to make a previously imposed sentence, whose execution is stayed, run consecutively to a subsequently imposed sentence). The Virginia court could have imposed the consecutive condition at the time of the original sentence on January 29, 1987. *Moffitt v. State,* 304 N.W.2d 31 (Minn.1981) (trial court may order sentence of imprisonment to run consecutively to previously imposed but unexecuted sentence); *State v. Meech,* 400 N.W.2d 166 (Minn.Ct.App.1987).

The State would have this court treat the fact that the court in Virginia did not know appellant's probation was revoked as simply a clerical error of record which may be corrected at any time under Minn.R. Crim.P. 27.03, subd. 8.

The error was not simply clerical. The information concerning appellant's probation revocation hearing in Duluth was readily available. The Virginia trial court could have ordered consecutive sentencing on January 29, but failed to do so. We conclude that appellant's original sentence was authorized by law and that the trial court lacked authority to "correct" the sentence to a consecutive term when it did not originally specify that the sentence was to be served consecutively. *See State v. Rock,* 380 N.W.2d 211, 213 (Minn.Ct.App. 1986), *pet. for rev. denied,* (Minn. March 27, 1986).

## DECISION

The trial court erred in imposing consecutive terms on resentencing when it did not originally specify that the sentence was to be served consecutively. The original sentence imposed on January 29, 1987, is reinstated.

Reversed.