STATE of Minnesota, Respondent,

v.

Kari Scott SUNDSTROM, Appellant.

No. C1–91–729.

Court of Appeals of Minnesota.

Aug. 27, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis County Atty., Mark S. Rubin, Asst. County Atty., Duluth, for respondent.

John M. Stuart, State Public Defender, Susan J. Andrews, Asst. State Public Defender, St. Paul, for appellant.

Considered and decided by PETERSON, P.J., and FOLEY and KALITOWSKI, JJ.

## OPINION

FOLEY, Judge.

In this case of first impression, appellant Kari Scott Sundstrom contends the trial court erred by ordering that two concurrent sentences be served consecutively to a previously imposed federal sentence without giving reasons for departing from the Minnesota Sentencing Guidelines. We reverse and remand.

## FACTS

Sundstrom was charged in St. Louis County with three counts of theft by swindle. Under a plea agreement, Sundstrom pleaded guilty to theft by swindle involving a rental car and theft by swindle involving bank transactions. No agreement was made as to sentencing.

At sentencing, the trial court gave Sundstrom presumptive sentences for each conviction. The trial court ordered the sentences be served concurrently with each other. It also ordered, however, that the sentences be served consecutively to a previously imposed federal sentence.

Sundstrom's attorney objected at sentencing, arguing the trial court was departing from the Minnesota Sentencing Guidelines by making the two concurrent sentences consecutive to the federal sentence. Sundstrom now appeals on that issue.

## ISSUE

Does a Minnesota sentencing court depart from the Minnesota Sentencing Guidelines by ordering that two concurrent sentences not involving crimes against persons or escapes from custody be served consecu-

tively to a previously imposed federal sentence?

### ANALYSIS

■ Under the Minnesota Sentencing Guidelines, consecutive sentences are the exception rather than the rule.

Consecutive sentences may be given only in the following cases:

1. When a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person * * *; or

2. When the offender is convicted of multiple current felony convictions for crimes against different persons * * *; or

3. When the conviction is for escape from lawful custody * * *.

The use of consecutive sentences in any other case constitutes a departure from the guidelines and requires written reasons * * *.

Minn.Sent. Guidelines II.F (emphasis in original). Comment II.F.01 explains that consecutive sentences

are a more severe sanction because the intent of using them is to confine the offender for a longer period than under concurrent sentences. If the severity of the sanction is to be proportional to the severity of the offense, consecutive sentences should be limited to more severe offenses. The Commission has established criteria which permits, but does not require, the use of consecutive sentences in the instances listed in the guidelines. The guidelines create a presumption against the use of consecutive sentences in cases not meeting the guideline criteria. If consecutive sentences are used in such cases, their use constitutes a departure from the guidelines and written reasons are required.

Additionally, Comment II.B.203 says, "There is a presumption against consecutive sentences for property offenses."

There is no dispute it would be a departure from the guidelines to order two concurrent sentences not involving crimes against persons or escapes from custody be served consecutively to a previously imposed Minnesota sentence. In dispute is whether the sentencing guidelines apply when the sentencing court orders two concurrent sentences not involving crimes against persons or escapes from custody be served consecutively to a previously imposed federal court sentence.

The state relies primarily on *State v. Petersen*, 305 Minn. 478, 235 N.W.2d 801 (1975). *Petersen* concerned the application of Minn.Stat. § 609.15, subd. 1. The Minnesota Supreme Court held subdivision 1 of section 609.15 applies "only to courts of this state, and only to the second sentencing court." *Id.* at 481, 235 N.W.2d at 803. The statute now in effect is identical to the one in effect at the time of *Petersen*, and provides that

when a person who is under sentence of imprisonment in this state is being sentenced to imprisonment for another crime committed prior to or while subject to such former sentence, the court in the later sentences shall specify whether the sentences shall run concurrently or consecutively. If the court does not so specify, the sentences shall run concurrently.

Minn.Stat. § 609.15, subd. 1 (1990).

The supreme court found in *Petersen* that subdivision 1 of section 609.15 did not apply when the other sentence was in federal court. *Petersen*, 305 Minn. at 481, 235 N.W.2d at 803. In *Petersen*, however, the other sentence had not yet been imposed when the Minnesota court imposed sentence. *Id.* at 479, 235 N.W.2d at 802.

■ In *State v. Wakefield*, 263 N.W.2d 76 (Minn.1978), where a federal sentence was imposed prior to a Minnesota sentence, the Minnesota Supreme Court refused to follow *Petersen*. *Id.* at 77. The supreme court recognized section 609.15 refers to Minnesota sentences only, but concluded

the state sentence must be presumed to run concurrently with the Federal sentence when there has been no specific determination by the trial court.

*Id.* The supreme court suggested any continued validity of *Petersen* was limited to its facts and anything in *Petersen* inconsistent with *Wakefield* was dictum. *Id.*

The *Wakefield* court found its holding to be

> consistent with the philosophy underlying § 609.15 and with the approach of the A.B.A. Standards, which is that it is desirable that multiple sentences of imprisonment imposed by different courts be served at one time and under one correctional authority.

*Id.,* 263 N.W.2d at 77–78 (citation omitted). Under the *Wakefield* analysis, the sentencing guidelines' disfavor of consecutive sentences applies equally when the first sentence is a federal court sentence as when the first sentence is a Minnesota court sentence.

We also note that, in another context, the Minnesota Supreme Court has held it

> * * * would be unfair to hold, in effect, that a defendant who is convicted of a gross misdemeanor may, by virtue of the technical nonapplicability of the Sentencing Guidelines, have to serve more total time in confinement * * * than he would have to serve if he were convicted of a felony.

*State v. Dulski,* 363 N.W.2d 307, 310 (Minn.1985); *see also Dockin v. State,* 399 N.W.2d 104, 106 (Minn.App.1987) (it is unfair not to apply guidelines' presumption against consecutive sentencing to misdemeanor sentences).

The state's reliance on *State v. Stafford,* 368 N.W.2d 364 (Minn.App.1985) is also misplaced. *Stafford* only cites *Petersen* for the proposition that it is for the second court to determine if a sentence should be concurrent or consecutive. *Id.* at 366. *Stafford* also involved a crime that is an exception to the disfavor of consecutive sentencing under II.F.

■ We conclude the trial court erred in determining it was not a departure from the guidelines to impose a consecutive sentence in this case. We do not, however, conclude departure necessarily could not be justified. Under *Williams v. State,* 361 N.W.2d 840 (Minn.1985), a departure from the guidelines will be reversed if the trial court fails to give reasons for departure. *Id.* at 844. Nonetheless, in this case, the trial court did not believe it was departing because it did not believe the guidelines applied. *Cf. State v. Thieman,* 439 N.W.2d 1, 7 (Minn.1989) (trial court not permitted to give departure reasons for first time at resentencing after discovery that the presumptive sentence was 60 months instead of 108 months as imposed at original sentencing). We remand to give the trial court an opportunity to express reasons it might have for departing.

■ We do not reach the issue Sundstrom has raised for the first time on appeal whether the guidelines would limit the terms of consecutive sentences to a year and a day. We have little doubt, however, whatever rules of law apply when a Minnesota sentence is made consecutive to a previously-imposed Minnesota sentence apply equally when the sentence is previously imposed by a federal court.

## DECISION

It is a departure from the Minnesota Sentencing Guidelines to order two concurrent sentences be served consecutively to a previously imposed federal sentence. We remand to give the trial court an opportunity to determine if this case supports departure.

Reversed and remanded.