**STATE of Minnesota, Respondent,**

v.

**Carlos L. McADORY, Appellant.**

No. C8-95-834.

Court of Appeals of Minnesota.

Feb. 20, 1996.

Hubert H. Humphrey III, Attorney General, St. Paul, Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Assistant County Attorney, St. Paul, for Respondent.

John M. Stuart, State Public Defender, Susan K. Maki, Assistant Public Defender, Minneapolis, for Appellant.

Considered and decided by NORTON, P.J., and LANSING and FOLEY*, JJ.

## OPINION

NORTON, Judge.

Appellant Carlos L. McAdory was convicted of two counts of second-degree assault, following a jury trial. The court sentenced him to two concurrent terms of imprisonment for 36 months. The court ordered that the sentences run consecutively to a prior unexpired felony sentence for a fifth-degree controlled substance conviction. Appellant contends the record contains insufficient evidence to support his assault convictions, and that imposition of a consecutive sentence constitutes a departure from the sentencing guidelines. We affirm the conviction but reverse and remand for resentencing.

## FACTS

On September 20, 1994, at approximately 10:00 p.m., a man driving a maroon/brown car shot Joseph Bailey and Calvin Haywood as they stood talking near the intersection of Milton and Marshall Avenues in St. Paul. Bailey and Haywood identified appellant as the shooter.

Bailey, who knew appellant as "Trell,"[1] described him as someone who hung around the intersection of Selby and Milton Avenues and often came into the nearby cellular communication business where Bailey worked.

Earlier on the day of the shooting, appellant came to Bailey's office for help with his cellular telephone. Appellant's phone rang as Bailey started to assist him. Appellant answered his cell-phone, had a brief conversation, and then left the shop, saying that he was going to "regulate this n——," meaning to commit robbery. About thirty minutes later, Calvin Haywood came into the shop, stuttering and sweating; he said that "Trell" had just robbed him. Bailey saw appellant driving a maroon automobile on Selby Avenue shortly after Haywood left the shop.

That evening, Bailey went to visit a friend who lived at the intersection of Milton and Marshall Avenues. Bailey was leaning on the passenger side of his car, engaging in a face-to-face conversation with Haywood and James Stewart, when a maroon/brown colored vehicle stopped in the middle of the street. Bailey testified that appellant got out of the maroon car, saying, "What's up now, N——?" Bailey then heard gunshots. One bullet struck Bailey in the shoulder area, while another passed through the body of his car before striking him in the buttocks and coming to rest in his inner thigh. Haywood suffered a bullet wound in his arm.

Bailey fell to the ground after he was shot, but observed appellant's maroon car leaving the scene. Paramedics took Bailey to the hospital, where he was prepped for surgery.

Sergeant Richard Weisman talked to Bailey twice the following day, September 21st. During a telephone conversation, Bailey told Weisman that he had not actually seen who shot him, but he believed that it could have been Haywood. During a visit later in the day, Bailey told Weisman that "Trell" was

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

1. "Trell" appears to be an abbreviation of appellant's middle name, Latrell.

involved in the matter. Weisman noticed Bailey was heavily sedated and in pain during these conversations.

Bailey viewed a photo lineup on September 27, 1994, and identified appellant as the shooter. Haywood was shown the same lineup two days later and also identified appellant as the shooter. Haywood did not testify at trial, because his whereabouts were unknown.

A probable cause pickup order was issued for appellant on September 27th. Officer Catherine Janssen, who knew appellant by sight, spotted him driving a silver car and followed him. She observed appellant as he "bailed out of the car leaving the door open, and started running south." She and another officer eventually found appellant hiding in a tree and arrested him.

At trial, appellant testified on his own behalf, claiming that he was watching television with his girlfriend when the shooting occurred. He testified that he had been in Bailey's shop only on one occasion. He swore he had not been in the shop the day of the shooting. He claimed that he had never met Haywood. He stated that he owned a silver/grey car. Appellant's girlfriend also testified on his behalf.

A neighbor testified that she knew appellant drove a silver/grey car, which was parked in front of her house when she came home from work shortly after 9:00 p.m. the day of the shooting. She acknowledged, however, that her observations of appellant were limited to the daytime and that she never saw him that evening.

The jury convicted appellant of two counts of second-degree assault in violation of Minn. Stat. § 609.222, subd. 1 (1994). The state sought permissive consecutive sentences for the assaults, which would result in a sentence totaling 72 months. Appellant had a previously unexpired sentence of one year and one day for possession of a controlled substance. Instead of ordering that the assault sentences be served consecutively, the court ordered the 36–month sentences be served concurrent and that they be consecutive to the unexpired controlled substance sentence.

## ISSUES

1. Is the evidence sufficient to support appellant's conviction of second-degree assault?

2. Did the trial court abuse its discretion in ordering appellant's assault sentence to run consecutively to a previously-imposed felony sentence for a crime that was not against a person?

## ANALYSIS

### 1. Sufficiency of the evidence

 Appellant contends the record contains insufficient evidence to support his conviction. This court's review of the sufficiency of evidence to support a conviction is limited to:

> [A] painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did.

*State v. Webb,* 440 N.W.2d 426, 430 (Minn. 1989). The reviewing court must assume "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore,* 438 N.W.2d 101, 108 (Minn. 1989). The reviewing court will not set aside a verdict if the jury, acting with due regard for the presumption of innocence and the necessity to overcome that presumption by proof beyond a reasonable doubt, could reasonably have concluded that the defendant was guilty. *State v. Alton,* 432 N.W.2d 754, 756 (Minn.1988).

Appellant challenges the identification of him as the person who shot Bailey and Haywood. In *State v. Burch,* 284 Minn. 300, 315–16, 170 N.W.2d 543, 553–54 (1969), the supreme court set forth the following factors that are relevant in evaluating an identification: (1) the witness's opportunity to see the defendant at the time the crime was committed; (2) the length of time the assailant was in the witness's view; (3) the stress the witness was under at the time of the crime; (4) the lapse of time between the crime and the witness's identification; and (5) the effect of the police procedures as either testing the witness's identification or simply reinforcing

the witness's initial identification of the defendant as the one who committed the crime.

■ Street lights illuminated the area of the crime. Haywood was facing appellant when he shot Haywood and Bailey; appellant was approximately 15 feet away from the victims when he shot them. Bailey observed appellant park in the street before the shooting and leave after the shooting in a maroon/brown car. Bailey had observed appellant driving the same car earlier that day. Bailey knew appellant from his visits to Bailey's place of employment, including the day of the shooting. No evidence supports either victim was under significant stress when he first observed appellant before the shooting. Bailey identified appellant the day after the crime, when he told an investigator that "Trell" was involved in the shooting. Bailey and Haywood both identified appellant in a photographic lineup just seven and nine days, respectively, after the crime. Appellant "has not alleged any facts which indicate the police method of identification (lineup) was suggestive or unfair." *State v. Hicks,* 432 N.W.2d 487, 491 (Minn.App.1988) (applying *Burch* factors), *review denied* (Minn. Jan. 26, 1989). This evidence demonstrates the reliability of the identification under the *Burch* factors.

■ The physical evidence also corroborates Bailey's version of the shooting, including blood at the location where he was standing and the bullet holes in his car. In addition, appellant's flight from the police at the time of arrest shows a "consciousness of guilt." *State v. Givens,* 356 N.W.2d 58, 63 (Minn.App.1984) (quoting *State v. Meany,* 262 Minn. 491, 502, 115 N.W.2d 247, 255 (1962)), *review denied* (Minn. Jan. 2, 1985).

■ Appellant argues that Bailey's identification was not credible because Bailey also identified Haywood as a possible assailant the day after the shooting. But uncontroverted evidence showed that Haywood was standing in front of Bailey when Bailey was shot and that Bailey was shot from behind; Haywood could not have shot Bailey. While Bailey did not initially identify appellant as the shooter, he did immediately identify him as being present at the scene of the crime.

Further, Bailey explained at trial that he had been heavily sedated when he was first interviewed. The interviewing officer also testified to Bailey's heavily sedated condition.

■ Appellant contends Haywood's identification of him in a photographic lineup is unreliable because Haywood did not appear at trial. Appellant does not challenge the admission of Haywood's out-of-court statement. The weighing of the credibility of witnesses, including eyewitness testimony, lies within the exclusive province of the jury. *State v. Pieschke,* 295 N.W.2d 580, 584 (Minn.1980). "Even inconsistencies in the state's case will not require a reversal of the jury verdict." *Id.*

The jury heard appellant offer these reasons for witness unreliability, yet they chose to believe the state's witnesses. We must accept that decision. *See id.* (jury determines credibility of witnesses). Further, the state significantly impeached the alibi testimony, leaving appellant's testimony to stand alone. The record is sufficient to support the identification of appellant as the person who assaulted Bailey and Haywood with a dangerous weapon in violation of Minn.Stat. § 609.222, subd. 1 (1994).

## 2. Consecutive Sentence

Appellant contends that the trial court erred when it ordered that the two assault convictions be consecutive to his prior unexpired felony sentence for possession of a controlled substance. Appellant contends that the trial court's only choices, without departing from the guidelines, were to make his multiple current felony sentences consecutive to each other or to make all his sentences concurrent. We agree.

■ The sentencing guidelines allow permissive consecutive sentences in only three instances:

1. When a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, and when the sentence for the most severe current conviction is executed according to the guidelines; *or*

2. When the offender is convicted of multiple current felony convictions for crimes against different persons, and when the sentence for the most severe current conviction is executed according to the guidelines; *or*

3. When the conviction is for escape from lawful custody * * *.

Minn.Sent.Guidelines II.F. "The use of consecutive sentences in any other case constitutes a departure from the guidelines and requires written reasons * * *." *Id.; State v. Thieman,* 439 N.W.2d 1, 7 (Minn.1989). When a sentence falls within a "specific exception" to the general rule that sentences must be concurrent, a consecutive sentence does not constitute a departure. *Thieman,* 439 N.W.2d at 7.

■ The trial court could have imposed consecutive sentences for the two current assault convictions, because appellant assaulted two different persons with a firearm and the crime of second-degree assault carries a presumptively executed sentence. *See* Minn.Sent.Guidelines II.F.2. (allowing consecutive sentencing for multiple current felony convictions for crimes against different persons); Minn.Sent.Guidelines IV (requiring executed sentence on second-degree assault for defendant with three criminal history points). Instead, the trial court ordered concurrent sentences for the assault convictions to run consecutively to a prior felony sentence. This sentence does not fit within any of the three specific circumstances set forth in the guidelines. Because the prior felony sentence here was not for a crime against a person, but instead was for possession of a controlled substance, the prior sentence does not meet the specific requirement for a permissive consecutive sentence provided by Minn.Sent.Guidelines II.F.1, nor does it meet the specific requirements of paragraphs 2 and 3 of this rule.

The state argues that *State v. Sundstrom,* 474 N.W.2d 213, 214 (Minn.App.1991), provides a more liberal interpretation of the consecutive sentencing rules in the guidelines. We disagree. In *Sundstrom,* this court remanded for resentencing where the trial court ordered two current felony property crimes to be served consecutively with a previously-imposed federal sentence. *Id.* at 214. The state quotes the following from *Sundstrom:*

There is no dispute it would be a departure from the guidelines to order two concurrent sentences not involving crimes against persons or escapes from custody be served consecutively to a previously imposed Minnesota sentence.

*Id.* at 215. The state argues that this statement implies that such an action would be proper if the current offenses were crimes against persons regardless of whether the prior felony was against a person. We disagree.

The statement in *Sundstrom* merely reflects the fact that, except when the conviction is for escape from lawful custody, the court may order permissive consecutive sentences to a prior felony sentence involving a crime against a person only when "one or more of the current felony convictions is for a crime against a person." Minn.Sent.Guidelines II.F.1. It is a departure from the guidelines to order, as the trial court did here, that two concurrent sentences involving felony convictions for crimes against persons be served consecutively to a previously-imposed felony sentence not involving a crime against a person.

■ We conclude the trial court erred in determining that its sentence was not a departure from the guidelines. We do not, however, conclude that the departure is not justified. *Cf. Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985) ("[i]f no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed"). Had the trial court granted the state's request that it issue permissive consecutive sentences for the current assault convictions, appellant would have received an executed sentence of 72 months. Instead, the court gave him a much shorter prison term by sentencing him to concurrent terms of 36 months to run consecutively to the prior felony sentence of 12 months and one day. The court believed this reduced sentence was within its discretion.

■ Because the record shows that the trial court here believed it was imposing a

permissible consecutive sentence, it is appropriate that we remand so the trial court may have the opportunity to determine if this case supports a departure. *See Sundstrom,* 474 N.W.2d at 216 (remanding to give trial court opportunity to determine if case supports departure where trial court had erred in determining a consecutive sentence was not a departure from sentencing guidelines); *see also State v. Garrett,* 479 N.W.2d 745, 748–49 (Minn.App.1992) (remanding to allow court to make findings to support departure where record indicated court intended to depart, but had not made any findings to support departure), *review denied* (Minn. Mar. 19, 1992).

## DECISION

The record contains sufficient evidence to support appellant's conviction. The trial court departed from the Minnesota Sentencing Guidelines when it ordered two concurrent sentences be served consecutively to a previously-imposed felony sentence for a crime that was not against a person. Because the trial court believed the sentence was not a departure, we remand to give the trial court an opportunity to determine if this case supports a departure from the guidelines.

**Affirmed in part, reversed in part, and remanded.**