*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1903**

State of Minnesota,
Respondent,

vs.

Alton Dominique Finch,
Appellant.

**Filed September 22, 2014
Affirmed
Klaphake, Judge**[*]

Hennepin County District Court
File No. 27-CR-13-4158

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, J. Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Peterson, Presiding Judge; Reyes, Judge; and Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant challenges the sufficiency of the evidence underlying his second-degree-assault conviction, asserting that the witness testimony was unreliable. Because the direct evidence is sufficient to support the conviction, we affirm.

## DECISION

An appellate court reviews a sufficiency-of-the-evidence challenge to "determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to allow a jury to reach a guilty verdict." *State v. Hurd*, 819 N.W.2d 591, 598 (Minn. 2012). "In making this determination, we assume that the factfinder disbelieved any testimony conflicting with that verdict." *Id.* Thus, a guilty verdict will not be overturned "if, giving due regard to the presumption of innocence and the prosecution's burden of proving guilt beyond a reasonable doubt, the jury could reasonably have found the defendant guilty of the charged offense." *Id.* The same standard of review applies both to jury trials and to bench trials. *State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011).

Here, appellant was charged with one count of aiding and abetting assault in the second degree. The parties submitted the matter to the district court for a stipulated facts bench trial and the district court found appellant guilty of assault in the second degree and imposed a sentence pursuant to the parties' stipulated agreement. On appeal, appellant challenges his second-degree-assault conviction on the grounds that the evidence was insufficient to support the conviction. We disagree.

"'Direct evidence' is evidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption." *Bernhardt v. State*, 684 N.W.2d 465, 477 n.11 (Minn. 2004). The state proffered direct evidence through its victim-witnesses that on December 24, 2012, appellant fired three to five shots from his vehicle into another vehicle following a argument. Minneapolis police officers responded to the scene and interviewed the driver and the passenger of the target-vehicle, both of whom identified appellant as the assailant.

During a subsequent police interview on January 3, 2013, one of the victim-witnesses identified appellant by name as the shooter. She stated that she saw appellant roll down his window and begin shooting. Appellant was the only individual in the vehicle with a gun. The police officer conducted a sequential photo line-up review and included a photograph of appellant. The victim-witness identified appellant as the person who shot at her and initialed and dated appellant's photograph. During a follow-up interview in May 2013, the victim-witness again identified appellant as the shooter. She reported that she saw the occupants of the vehicle roll down the windows and, before the shooting began, she saw appellant holding a small, black gun. This evidence, viewed in the light most favorable to the conviction, *Hurd*, 819 N.W.2d at 598, supports the district court's determination that appellant was guilty of second-degree assault.

Appellant notes that the following factors are relevant in evaluating eyewitness identification:

> (1) the witness's opportunity to see the defendant at the time the crime was committed; (2) the length of time the assailant was in the witness's view; (3) the stress the witness was under

at the time of the crime; (4) the lapse of time between the crime and the witness's identification; and (5) the effect of the police procedures as either testing the witness's identification or simply reinforcing the witness's initial identification of the defendant as the one who committed the crime.

*State v. McAdory*, 543 N.W.2d 692, 695-96 (Minn. App. 1996).

Appellant argues that a comparison of these factors to the victim-witness's statements suggests that her identification was unreliable under the circumstances. Specifically, appellant argues that the victim-witness told the police officers that appellant's vehicle had tinted windows and that both appellant and his brother were shooting from inside the vehicle. During her police interviews, however, the victim-witness reported that although the vehicle's windows were tinted, appellant had to roll down the window in order to shoot out of it and "that's when I'd seen [appellant]."

Minnesota law is clear that "the factors affecting the reliability of eyewitness testimony . . . go to the weight to be accorded the testimony, not its admissibility." *State v. Burch*, 284 Minn. 300, 313, 170 N.W.2d 543, 552 (1969). Moreover, the weight and credibility of individual witnesses are issues for the factfinder to determine. *State v. Johnson*, 568 N.W.2d 426, 435 (Minn. 1997). Here, the district court found that appellant "was identified by two eyewitnesses to the shooting." By convicting appellant of second-degree assault, the district court indicated that it credited the evidence supplied by the victim-witnesses. Based upon this record, a factfinder could reasonably determine that appellant was guilty of the charged offense. *Hurd*, 819 N.W.2d at 598.

4

Lastly, appellant argues that the direct evidence is insufficient because only one of the victim-witnesses appeared for a follow-up interview with the police department and no other witnesses gave statements regarding the shooting.[1] Nevertheless, it is "well established that a conviction can rest upon the testimony of a single credible witness," *State v. Bliss*, 457 N.W.2d 385, 390 (Minn. 1990), and the fact that one of the victim-witnesses did not appear for a police interview does not, standing alone, justify overturning appellant's conviction. The district court's credibility assessments, coupled with the other direct evidence presented, provided sufficient evidence to support appellant's second-degree-assault conviction.

**Affirmed**.

---

[1] At the scene, both the driver and the passenger of the target-vehicle identified appellant as the shooter. However, one of the victim-witnesses, the driver, did not show up for a scheduled police interview and subsequent attempts to locate him were unsuccessful. The second victim-witness, the passenger, voluntarily participated in the police investigation.